**STATE of Missouri, Respondent,**

v.

**Don Eugene CIPOLLA, Appellant.**

**No. 24969.**

Kansas City Court of Appeals. Missouri.

Dec. 2, 1968.

Robert G. Duncan, of Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

Don Witt, Pros. Atty., Platte City, for respondent.

HOWARD, Presiding Judge.

This is an appeal from a misdemeanor conviction for driving a motor vehicle on the public highways in Platte County, Missouri, when the defendant's driver's license was under revocation. A jury was waived and trial was had to the court. The punishment was thirty days in the county jail, which sentence was to run concurrently with the sentence imposed in the companion case, No. 24968, wherein an opinion is handed down contemporaneously herewith. We shall refer to appellant as defendant.

Defendant makes two contentions on this appeal. One is that the information is fatally defective and the other is that State's Exhibit 1 was improperly admitted into evidence.

The facts in this case are simple. The defendant did not offer any evidence. On April 26, 1967, a member of the Missouri Highway Patrol was cruising south on Interstate Highway 29 in Platte County, Missouri, when he observed the defendant driving a Thunderbird automobile traveling north on I-29. The patrolman crossed the median strip and caught up with defendant. He paced the defendant, i. e. he traveled along behind the defendant at the same speed, for approximately two miles at a speed of 120 miles an hour. He then stopped the defendant who was charged with careless and imprudent driving and also driving while his driver's license was revoked, which latter charge is the subject of this case.

The information charges that on April 26, 1967, the defendant operated a motor vehicle on the public highways of Platte County, Missouri, "at a time during which his license privilege was under revocation by the State of Missouri." Defendant contends that this information is fatally defective because it does not refer specifically to "driver's" license but refers generally to "his license privilege." Defendant argues that this could just as well refer to a liquor license; a barber license, or any other type of license which may be issued and revoked by the State. This argument has more sound than substance. It is advanced for the first time in appellant's brief in this court. In the argument in support of an oral motion to dismiss submitted to the trial court immediately before trial, the attorney for defendant stated that the information here under consideration alleged that defendant operated his vehicle on the highways "while his license and privilege to drive was under revocation." The argument now advanced was not advanced in the motion for new trial. The argument there was that a driver's license could be revoked under several different statutes. It is apparent that at all times the defendant knew that he was charged with driving a motor vehicle when his driver's license had been revoked. See State v. Colbart, Mo., 411 S.W.2d 92. Criminal Rule 24.01 and Rule 37.18, V.A.M.R., for municipal and traffic courts make the identical require-

ments as to informations. Both rules require that the information "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." The information in the case at bar meets this requirement. From a reading thereof, it is apparent to this court as it was to the defendant that he is charged with operating a motor vehicle while his driver's license was revoked. Nothing is left to conjecture or intendment. It is significant that defendant did not see fit to move for a bill of particulars to supply any information about which he entertained a doubt even when such remedy was pointed out by the prosecuting attorney. See State v. Simone, Mo., 416 S.W.2d 96, and State v. Mace, Mo., 357 S.W.2d 923. We therefore hold that the information was sufficient to charge the commission of a misdemeanor even though it did not use the word "driver's" to modify the word license.

■ Defendant also contends that the information is defective because a driver's license can be revoked pursuant to the provisions of more than one statute. Defendant's argument concerning the provisions of Chapter 301 (unless otherwise specified, all references are to R.S.Mo.1959, V.A.M.S.) is not convincing because this chapter refers to motor vehicle registration and has no bearing on driver's license. Defendant points out that a driver's license can be revoked under the provisions of Chapter 302 when sufficient points have been assessed against the driver and that such driver's license can also be revoked under the provisions of Chapter 303 when the driver has failed to comply with the requirements of the Safety Responsibility Law. If a driver's license has been revoked under the provisions of Chapter 302, such licensee is guilty of a misdemeanor if he operates a motor vehicle while his license is revoked and Section 302.321 provides punishment by confinement in the county jail for a term not exceeding one year. No fine is provided. Also, any person whose driver's license has been suspended under the provisions of Chapter 303 is guilty of a misdemeanor if he drives a motor vehicle on the highway during the time when his driver's license is so suspended and shall be punished by fine of not more than $500.00 or imprisonment in the county jail not to exceed six months, or both. From this defendant argues that the information is defective because it does not advise the defendant on what basis his driver's license was revoked or what punishment is provided for his operation of a motor vehicle while such license was revoked. This conclusion does not follow.

■ Regardless of whether defendant was without a valid driver's license because of an accumulation of points under Chapter 302, or because of his failure to comply with the requirements of the Safety Responsibility Law under Chapter 303, the fact remains that he is charged with operating a vehicle while such license was revoked and the reason for the revocation cannot change this. Likewise, the fact that the punishment is different under the two chapters does not render the information defective. It is elementary that the punishment prescribed for the offense with which the defendant is charged is no part of the offense and there is no requirement that the information refer to the permissible limits of punishment. We therefore rule this contention against defendant.

■ Defendant next complains that the trial court erred in admitting State's Exhibit 1 into evidence. This exhibit consists of nine pages. The first page is a printed form on a letterhead of the Department of Revenue. It is in the form of an affidavit and was subscribed and sworn to before a notary public by one Alice Moore. The printed part recites that the undersigned is the Director of Revenue and that the attached pages are true and correct copies of records of the Department of Revenue. At the bottom of the page is the printed name "Thomas A. David, Director" under which is printed the word "By:". The sig-

nature of Thomas A. David does not appear. There is also typed in a space provided on the form the information that Donald E. Cipolla's driving privileges were revoked December 19, 1966, for a period of 365 days as the result of 12 points assessed against his driving record and that such revocation remains in full force and effect. Under the printed name of Thomas A. David, after the word "By:", the words "Alice Moore, Ass't Supervisor" have been typed above the printed words "Safety Responsibility Unit", and the signature of Alice Moore appears. Attached to this are two pages which bear in large type the words "Revocation Notice." It is apparently a copy of a notice sent to Donald E. Cipolla, notifying him of the revocation of his driver's license. It is over the facsimile signature of H. J. Turnbull, Supervisor, Operator and Chauffeur License Registration. These two pages contain a record of defendant's driving derelictions from June 19, 1960 to the date of revocation, December 19, 1966. Also attached is a copy of a Police Demand Order and five pages of Missouri State Highway Patrol arrest record, commonly referred to as a "rap sheet." This covers the period from July 7, 1949 up to October 29, 1966. It shows numerous arrests and some convictions for various crimes during that period.

This exhibit was offered in evidence without the testimony of any witness to identify it in any manner. This offer was made while Trooper James Calhoun, of the Missouri Highway Patrol, was on the witness stand but he did not testify to anything concerning the exhibit. When the offer was made, the prosecutor stated that he offered Exhibit 1 "which purports to be a certified copy of the prior record of this defendant from the Department of Revenue." The defendant's objections cover two pages in the transcript, starting out with the objection "it's hearsay." He also objected on the basis that the exhibit was not certified by the Director of Revenue as provided in Section 303.315; that it was

not admissible under the provisions of any other statute; that the typed statement on the form on page 1 of the exhibit that defendant's revocation was still in effect was a conclusion of "Alice Moore, whoever she is." In support of this exhibit, the prosecutor stated that "the record is certified in the usual way."

Section 303.315 is part of the Safety Responsibility Act. It reads as follows:

"Copies of suspension orders entered pursuant to this chapter duly certified by the director of revenue shall be evidence in all courts of this state in actions arising under this chapter."

It appears that Exhibit 1 refers to action taken by the Director of Revenue under the provision of Chapter 302 because of accumulation of points against defendant's driver's license. The exhibit does not pertain to any action taken by the Director of Revenue under the provisions of Chapter 303, the Safety Responsibility Law. The question would therefore arise as to whether Section 303.315 would authorize the admission into evidence of a properly certified revocation order under Chapter 302. The defendant does not argue that Exhibit 1 does not come within the provisions of 303.315 for this reason and therefore we are not required to answer this question. Defendant assumes, and for the purposes of this case we will assume, that a properly certified revocation order under Chapter 302 would be admissible under this section. However, defendant argues that Exhibit 1 is not a properly certified order under 303.315. With this contention we are forced to agree. Exhibit 1 is not certified by the Director of Revenue as required by the statute. Although it bears the printed name of the Director of Revenue, it is signed and sworn to by someone who is recited to be an assistant supervisor of the Safety Responsibility Unit of the Department of Revenue. This cannot under any stretch of the imagination constitute a certification by the director. We do not here need concern our-

selves with the possibility of a valid delegation of authority because no contention is made that such is the case. Thus, on its face, Exhibit 1 is not admissible on the authority of Section 303.315. Neither is it shown to be admissible under any other statute and an examination of the exhibit and the circumstances under which it was introduced in evidence clearly show it is not admissible under any other statute. Under these circumstances, Exhibit 1 and each page thereof is hearsay and should have been excluded on defendant's objection on that basis.

Defendant also complains that even if it were properly certified, the driving record of defendant would not properly be part of any revocation order issued and that such driving record could not properly be admitted as part of such a certification. This is undoubtedly true and certainly the Highway Patrol arrest record is not properly admissible in this manner. Because of the error in admitting State's Exhibit 1 into evidence, the judgment below must be and is reversed and the cause remanded to the trial court.

All concur.