FEDERAL DEPOSIT INSURANCE
CORPORATION, Respondent,

v.

James B. CRISMON et al., Appellants.

FEDERAL DEPOSIT INSURANCE
CORPORATION, Respondent,

v.

C & P LAKE AND RANCH, INC., et al.,
Appellants.

FEDERAL DEPOSIT INSURANCE
CORPORATION, Respondent,

v.

MAISON DEVILLE MOTEL AND LUXURY
APARTMENTS, INC., Appellant.

FEDERAL DEPOSIT INSURANCE
CORPORATION, Respondent,

v.

ST. FRANCOIS COUNTY LEASING &
INVESTMENT COMPANY,
et al., Appellants.

FEDERAL DEPOSIT INSURANCE
CORPORATION, Respondent,

v.

EMPIRE COUNTRY CLUB ESTATES,
INC., Appellant.

FEDERAL DEPOSIT INSURANCE
CORPORATION, Respondent,

v.

GOLDEN HILLS ESTATES, INC.,
Appellant.

FEDERAL DEPOSIT INSURANCE
CORPORATION, Respondent,

v.

C & P LAKE AND RANCH, INC.,
a corporation, Appellant.

No. 58222.

Supreme Court of Missouri,
Division No. 1.

Sept. 9, 1974.

Colson & Wagner, David L. Colson, Farmington, for respondent.

Shaw & Howlett, Charles M. Shaw, Clayton, for appellants.

HIGGINS, Commissioner.

Consolidated appeals (taken prior to January 1, 1972) from judgments for plaintiff totaling in excess of $30,000.

Plaintiff brought these suits by virtue of an order of the Circuit Court of St. Francois County, entered pursuant to petition of the Commissioner of Finance of the State of Missouri for approval of a transaction with plaintiff for liquidation of the assets and affairs of the First State Bank of Bonne Terre, Missouri, in accord with Section 361.470, RSMo 1969, V.A.M.S.

| Cause No. on trial | Defendants | Amt. alleged due (exclusive of interest & atty. fees) | | Amount of Judgment (incl. interest & atty. fees) |
|---|---|---|---|---|
| Trial 1 | May 13, 1971 | Hon. L. F. Cottey, Judge | | |
| 22122 | James B. Crismon & Mabel I. Crismon | Count I $18,000.00<br>Count II 40,000.00 | | $21,000.00<br>42,102.62 |
| 22125 | C & P Lake & Ranch, Inc. & James B. Crismon & Mabel I. Crismon | Count I 132,000.00<br>Count II 132,000.00 | | 154,000.00 |
| 22139 | Maison Deville Motel & Luxury Apts., Inc. | 70,048.22 | | 80,955.53 |
| Trial 2 | June 21, 1971 | Hon. J. O. Swink, Judge | | |
| 22159 | St. Francois County Leasing & Investment Company, Inc. | 52,000.00 | | 61,242.26 |
| 22400 | Empire Country Club Estates, Inc. | 100,000.00 | | 117,812.20 |
| 22401 | Golden Hills Estates, Inc. | 100,000.00 | | 117,812.20 |
| Trial 3 | August 19, 1971 | Hon. L. F. Cottey, Judge | | |
| 22149 | C & P Lake & Ranch, Inc. | 37,500.00 | | 40,983.34 |

Testimony of Mickey D. Smith, liquidator for the Federal Deposit Insurance Corporation in charge of liquidation of the First State Bank of Bonne Terre, Stewart Rayfield, former vice president of the First State Bank of Bonne Terre, and David Colson in Nos. 22122, 22125, 22139, 22159, 22400, and 22401, and of Mickey D.

Smith and Virginia Craig, former employee of the bank, in No. 22149, proved the execution of the notes, their balances due, the interest due, the demands for payment, the failures of payment, and the judgment sums.

At the conclusion of each trial, the court sustained motions for directed verdict and directed verdicts in each case because neither by pleadings nor by evidence was there any dispute that the defendants executed the notes in question, that consideration was shown, that they were overdue and payable at the time suit was filed, that the amounts due are exactly those claimed due by plaintiff, that defendants do not claim payment or deny the notes to be assets of the Federal Deposit Insurance Corporation. The judgments were entered accordingly.

Appellants charge error (I) in admitting the notes in evidence "for the reason that there was no proof of execution."

■ When any claim is founded upon a written instrument and such instrument is attached to the pleading, as with plaintiff's petitions in this case, "the execution of such instrument shall be deemed confessed unless the party charged to have executed the same shall specifically deny the execution thereof." Rule 55.23, V.A.M.R. Defendants' answers are general denials and do not contain specific denials of execution of the notes, and an unverified general denial tenders no issue of execution of the written instruments in question. Smith Co. v. Rembaugh, 21 Mo.App. 390 (1886).

Appellants charge error (II) in admitting note jackets purporting to show the balances due on the notes in question. They assert the exhibits were not competent evidence as business records under Section 490.680, RSMo 1969, V.A.M.S.

■ Appellants' statement of fact recognizes that Mr. Rayfield assisted in preparation of the note jackets in question. Aside from that concession, however, there was independent evidence received without objection of the balance due on all the notes; and objections not presented to or expressly ruled by the court are not for review. Rule 84.13(a), V.A.M.R.; Pierce v. New York Cent. R. Co., 257 S.W.2d 84, 88 [5] (Mo.1953).

Appellants charge error (IV) in admitting certain notes in evidence for the reason there was no evidence that the signtures on those notes were those of individuals attempting to act on behalf of corporations or that such individuals were authorized to execute instruments on behalf of the corporations in question.

This charge fails for the same reason assigned to Point I.

Appellants charge error (V) in according judgments in full on the notes in Nos. 22400 and 22401 for the reason that there was nothing specifically providing for an acceleration of the whole note upon default in one installment. See McDown v. Wilson, 426 S.W.2d 112 (Mo.App.1968).

■ The trial court determined "that the tenor of the notes, taken as a whole, contemplate[s] that the failure to make any installment payment as due would call for the paymer* f the balance." Appellants have not u. rtaken in their statement of fact or rgument to demonstrate that the notes in q. stion are not susceptible to this interprete on. With the record in this posture, it may :t be said that the court's ruling was an e. r materially affecting the merits of the ac 'on. Rule 84.-13(b), V.A.M.R.

Appellants charge error (III) in directing verdicts because calculation of the amounts due was the province of the jury and that failure of consideration was in issue.

■ Appellants fail to show where the amounts due were ever disputed; and the court properly directed verdicts on this undisputed issue in these suits on written instruments. Home Trust Co. v. Josephson, 339 Mo. 170, 95 S.W.2d 1148, 1156 [13]

(1936); Commerce Trust Company v. Howard, 429 S.W.2d 702, 707–708 [9, 10] (Mo. 1968).

Appellants' answers by way of general denial fail to assert any affirmative defense by way of lack of or failure of consideration. Accordingly, no such issue is for review.

Judgments affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.