**STATE of Missouri,
Plaintiff/Respondent,
v.
Gerald Rogers FLOWERS, Jr.,
Defendant/Appellant.**

### No. 41776.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 25, 1980.

Motion for Rehearing or Transfer
Denied April 18, 1980.

Application to Transfer Denied
May 13, 1980.

Gary H. Sokolik, Perry, for defendant/appellant.

Samuel J. Sandifer, Pros. Atty., Paris, for plaintiff/respondent.

CRIST, Judge.

Defendant incurred a conviction for driving an automobile at a time when his license had been suspended for failure to post a security deposit following an earlier accident. Defendant was fined $100.00 as punishment. We affirm.

Initially, defendant has charged the trial court with error by admitting authenticated records of the Driver's License Bureau, Missouri Department of Revenue. It is defendant's contention that the records were not properly certified as business records and the matter contained therein constituted hearsay. Defendant relies on *State v. Cipolla*, 435 S.W.2d 52 (Mo.App.1968), which reliance is misplaced.

*Cipolla* involved a situation where the defendant was charged with driving at a time during which his license was suspended due to an accumulation of "points". Resolution of the case entailed a construction of § 303.315, RSMo. 1959 which statute provided as follows:

Copies of suspension orders entered pursuant to this chapter duly certified by the director of revenue shall be evidence in all courts of this state in actions arising under this chapter.

*Cipolla's* conviction was reversed because the records introduced as evidence were not certified by the Director of Revenue, as commanded by statute, and were hearsay.

However, for whatever its reason, the Missouri Legislature adopted legislation in 1972 which permitted certification of Department of Revenue records by the "appropriate custodian or the director [of revenue]." Section 302.312, RSMo. 1978. Said section reads as follows:

Department of revenue records admissible in evidence when.—Copies of all papers and documents lawfully deposited or filed in the offices of the department of revenue and copies of any matter recorded in the offices, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state in the same manner and with like effect as the originals.

Thus, the records of which defendant complains were permissible as evidence according to the dictate of the above-quoted statute if made pursuant to the normal course of bureau business, properly certified and, of course, relevant to the issues at hand. The records now in question meet these qualifications and, necessarily, pass muster as allowable evidence. We construe the terminology of § 302.312, RSMo. 1978, "in the same manner and with like effect as the originals" to be words of enlargement and not restrictive. As defendant's records were properly certified and thus admissible, defendant's hearsay objection was immaterial. The trial court properly allowed the exhibit into evidence.

Defendant's second contention alludes to a remark made by the trial judge to the bailiff after having been informed by the latter that the jury was unable to reach a verdict. Defendant likens the remark to a "hammer" instruction and submits that to make such a remark ("Tell them to try harder.") in lieu of the proper MAI–CR 1.10 "hammer" instruction was erroneous and presumptively prejudicial.

At this juncture, it is of more than passing interest to note that the record does not reflect the verbal exchange between the trial judge and the bailiff nor, for that matter, the exchange between the bailiff and the jurors. Defendant's complaint does not appear in the transcript prior to the transcription of the hearing on defendant's motion for new trial. At the hearing on this motion, defense counsel stated that some two and one-half hours after the jury had retired to deliberate, the bailiff approached the bench and spoke to the judge. Defense counsel did not hear what the bailiff said but heard the trial judge respond,

"Tell them to try harder." The trial judge stated for the record at the hearing on defendant's motion that defense counsel's recollection was correct. No objection had been tendered by defense counsel at the time of the challenged exchange and, approximately one-half hour after the judge had told the bailiff to "Tell them to try harder", the jury had returned a guilty verdict. The only record made on this point was made at the hearing of the motion for new trial.

As an oft-cited proposition of law within this jurisdiction,

> [o]ne claiming misconduct affecting the jury must promptly call such to the attention of the court upon first knowledge of the defendant or his attorney and opportunity so to do. If not so called to the attention of the court at the time it must affirmatively appear that defendant and his counsel were ignorant of the misconduct at that time. A defendant having such knowledge cannot await the result of the trial, and if he loses his gamble take advantage of it by first asserting such in his motion for new trial. *State v. Bizzle*, 500 S.W.2d 259, 264 (Mo.App. 1973).

A trial court must be given an opportunity to correct its errors. It is not only desirable for defendant to call the alleged error to the attention of the trial court, but a prerequisite to a challenge on appeal. Defense counsel's inaction, in the face of error, amounted to a waiver of that error and, ". . . chilled any likelihood for relief by this court." Rule 84.13(a); *State v. Townsend*, 593 S.W.2d 639 (Mo. App.—Eastern District, 1980). Also see, *Boedges v. Dinges*, 428 S.W.2d 930, 934 (Mo.App.1968). Defendant's second point stands denied.

Defendant lastly contends the evidence was insufficient to sustain his conviction in that it failed to prove defendant was driving while his driver's license was under suspension. We do not agree.

The evidence, when viewed in a light most favorable to the state, showed that defendant was driving when stopped by a patrolman and was unable to produce a driver's license upon the officer's request. Defendant was likewise unable to produce a driver's license at a later date and a routine check run in the normal course of police business revealed that he had no license to produce. The exhibits, which were entered as evidence and which were discussed earlier in this opinion, tended to show that defendant's license was under suspension at the time in question and, in fact, reflected a very recent suspension. This evidence was sufficient to warrant defendant's conviction.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.