**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Darold C. BAUGHER,**
**Defendant-Appellant.**

No. 44576.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 21, 1982.

Motion for Rehearing/Transfer to Supreme Court Denied Feb. 10, 1983.

Application to Transfer Denied March 29, 1983.

Gary L. Robbins, Public Defender, Jackson, Daniel Beatty, Cape Girardeau, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Stephen Limbaugh, Jr., Pros. Atty., Cape Girardeau, for plaintiff-respondent.

CRIST, Judge.

Darold Baugher (defendant) appeals from the judgment entered on a jury verdict convicting him on four counts of stealing by deceit, § 560.156, RSMo 1969 (superseded first by § 570.030, RSMo 1978, and later by § 570.030, RSMo Supp.1981):

"It shall be unlawful for any person to intentionally steal the property of another, either without his consent or by means of deceit."

The stealing consisted of defendant's acquiring from four Cape Girardeau County farmers a total of nearly $27,000.00, paid on the strength of defendant's false promises to build a hog barn on each victim's farm. Defendant was sentenced to serve four concurrent five-year terms with the Department of Corrections. We affirm.

When we view the evidence in the light most favorable to the verdict, as we must, it shows that when these charges arose in early March, 1978, defendant was residing temporarily in Illinois and soliciting contracts under the name of a fictitious company to construct outbuildings in southwestern Illinois and southeastern Missouri. One of the victims contacted defendant through a business card he had left with a Missouri feed and seed store, and within a month defendant had written agreements with the four victims (three brothers and their cousin) to construct hog barns on their respective farms. The barns' specifications and prices differed, but each transaction had the same salient features: the victim paid one-fourth of the price in advance (hence the total of $27,000.00 paid), and defendant promised to commence construction within three weeks. The hog barns never materialized. In fact, defendant never saw the proposed construction site on three of the farms, and never purchased the material for any of the barns. Defendant testified at trial he knew when the agreements were made he could not start construction "within the next month or so" and that he used the victims' money for "other jobs." After repeated, unsuccessful efforts to get defendant to perform, the victims filed criminal complaints against him and an arrest warrant issued, whereupon defendant moved to Kentucky. He was finally apprehended in March, 1981, in Las Vegas, Nevada.

In addition to the four Cape Girardeau County victims, the State called as witnesses three others who had had similar dealings with defendant. One, a Mr. Rhorer from Clinton, Kentucky, paid nearly $8,000.00 to defendant in October, 1979, as the one-fourth advance payment of the price of a farrowing house defendant was to build on Rhorer's farm. Defendant started construction but failed to complete

the job. The second was a Mr. Russell from Columbus, Kentucky, who paid defendant over $12,650.00 in September, 1979, as the one-fourth down payment for construction of two hog "finishing barns." Defendant brought enough material to Russell's farm for maybe one of the barns, and disappeared shortly after work on that began. The third witness was a Rev. Chaffin from Tyronza, Arkansas, who paid defendant $1,250.00 in 1976 as the one-fourth down payment toward the construction of a church. Again, after payment, defendant did nothing and soon disappeared.

■ Defendant first assigns error to the trial court's order overruling his pre-trial motion in limine, whereby he sought to exclude the testimony of Messrs. Rhorer and Russell and Rev. Chaffin. However, the witnesses testified at trial without objection by defendant, and we have held that "a denial of a motion in limine [is] an insufficient basis for a claim of error when there was no timely objection to the testimony at trial." *State v. Johnson,* 586 S.W.2d 437, 441 (Mo.App.1979). *And see State v. Savu,* 560 S.W.2d 244, 245 (Mo.App. 1977). The point is not before us, which precludes our reviewing it.

■ Defendant assigns error to the trial court's refusal of his instruction defining "deceit," claiming such an instruction is required by MAI–CR 24.02.2 Notes on Use 3. However, the Notes on Use defendant cites is for the pattern instruction on stealing by deceit under § 570.030, RSMo 1978, which superseded § 560.156, RSMo 1969, the statute under which defendant was charged. The applicable pattern instruction on stealing by deceit under the latter statute is MAI–CR 7.72, and the Notes on Use thereunder make no provision for defining deceit. "Definitions of a term, word or phrase are not to be given unless expressly required or permitted by the appropriate Notes on Use." *State v. Moland,* 626 S.W.2d 368, 372 (Mo.1982). The trial court correctly refused the tendered instruction defining deceit.

■ Finally, defendant claims the State failed to make a submissible case "in that the plaintiff's only evidence of deceptive intent is defendant's subsequent failure to perform a future promise which, by itself, is insufficient as a matter of law." The point ignores the testimony of the out-of-state witnesses, which is probative of defendant's "deceptive intent." *See State v. Basham,* 571 S.W.2d 130, 132 (Mo.App.1978). Moreover, the point presumably rests on a curiosity that developed in England and early in this country in prosecutions for obtaining money or property by false pretenses, wherein a false promise—i.e., a defendant's present intention not to comply with his promises or statements as to his future acts—was held insufficient as a matter of law to support a conviction of the offense. *See:* Annot., 168 A.L.R. 833, 835 (1947) (citing Missouri cases); R. Perkins, Criminal Law 303–04 (2d.ed. 1969); Pearce, Theft by False Promises, 101 U.Pa.L.Rev. 967, 968–78 (1953). For historical reasons we need not recapitulate, criminal nonliability for false promises remained confined to prosecutions for larceny by false pretenses, *see:* The Proposed Criminal Code for the State of Missouri § 15.010 Comment (6) at 194 (Committee to Draft a Modern Criminal Code 1973); *State v. Weber,* 298 S.W.2d 403, 406 (Mo.1957); and nonliability on that ground has no place in prosecutions for the new, superseding offense of "stealing."

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.