STATE of Missouri,
Respondent/Plaintiff,

v.

Roman Albert JACKSON,
Appellant/Defendant.

No. WD 36104.

Missouri Court of Appeals,
Western District.

April 30, 1985.

James J. Wheeler, Keytesville, for appellant/defendant.

Michael L. Midyett, Pros. Atty., Keytesville, for respondent/plaintiff.

Before LOWENSTEIN, P.J., and NUGENT and BERREY, JJ.

NUGENT, Judge.

Defendant appeals his conviction for driving while intoxicated and for driving while his license was revoked. Defendant complains of errors in the admission of evidence, of restrictions placed upon defense counsel's closing argument, and of an alleged comment on the evidence by the court. We affirm.

On March 19, 1983, at sometime after 4:00 p.m., Deputy Sheriff Herman Ostermann observed defendant's car parked against a guard cable and post at a local housing project. Defendant drove away and the deputy followed. The defendant stopped at his niece's home, the deputy detained him and, after observing that he had trouble talking and maneuvering and that he strongly smelled of alcohol, advised him to have someone else drive him home. Unheeding, the defendant drove off. Once again, the deputy followed and stopped the defendant. He administered several field sobriety tests, concluded that the defendant was drunk and took him to the police station. At the station, the defendant was given a breathalyzer test.

Before trial, defense counsel filed a motion in limine seeking to prevent the prosecutor from inquiring into events which had occurred at a laundromat on the afternoon of defendant's arrest. Mr. Jackson, a black man, allegedly had put his hands on one or more of the white women in the laundromat. Defense counsel argued that since defendant was black and the accosted women were white, such facts brought to the attention of Missouri jurors would prejudice and inflame the jury. The court appears to have overruled the motion but informed the defendant that the prosecutor had agreed not to inquire into the incident at trial.

The case was tried to a jury, and the State called as witnesses four of the people present at the laundromat. When the prosecutor asked them to describe defendant's condition on the afternoon of March 19th, two of the witnesses spontaneously mentioned that he had put his hands on them. Defendant made no timely objection to that testimony on any ground. The witnesses corroborated the deputy's testimony that defendant was intoxicated. Because the officer who administered the test was unavailable, the prosecutor did not introduce the breathalyzer test results into evidence, but Deputy Ostermann in a non-responsive answer told the jury that the defendant registered a .19 on the test. On defendant's motion at the close of State's evidence, the court struck the deputy's testimony about the test results and instructed the jury to disregard the deputy's statement.

The State also introduced a certified copy of the defendant's driving record compiled by the Missouri Department of Revenue. Over defendant's hearsay objection, the court admitted the record solely for the purpose of showing that defendant's driv-

er's license had been revoked in July, 1982. That record also shows that defendant had previously been convicted of driving while intoxicated. In response to defendant's objections, and to prevent the jury from learning of the previous convictions, the court told the jury that the defendant's license had been revoked without showing them the admitted exhibit. The defendant did not object.

Defendant's only witness was William D. Richards, who is a farmer and defendant's employer. Mr. Richards was called as a character witness, but defense counsel only asked him about the length of time he had known and employed the defendant. The state requested that the testimony be stricken as irrelevant, and the court sustained the objection.

Defense counsel in his closing argument tried to refer to the fact that the prosecution did not introduce evidence concerning the breathalyzer test. The prosecutor's objection to the argument was sustained. The court also sustained the State's objection to defendant putting the possible sentence in terms of defendant's work as a farm laborer and to defendant's referring to the State's failure to call his niece who was present during the trial.

The jury found the defendant guilty on both counts. The court imposed a six-month sentence for the drunk driving conviction and a fine of one hundred dollars for driving while his license was revoked. The court denied defendant's motion for a new trial.

■ Defendant raises several points on appeal. First, he argues that the court erred in admitting his driving record into evidence. The record was a certified copy of defendant's driving record kept by the Department of Revenue in compliance with § 302.312.[1] Defendant argues that § 302.312 does not authorize admission of the record because of *State v. Cipolla,* 435 S.W.2d 52 (Mo.App.1968).

In *Cipolla,* the court held that a copy of a notice of revocation of defendant's drivers license was not admissible because it was not certified as required by § 303.315.[2] The court also held that the defendant's driving record could not be properly part of such a certification. The court was obviously speaking of certification pursuant to § 303.315 since *Cipolla* is a 1968 decision and § 302.312 was not enacted until 1972. Unquestionably, the *Cipolla* decision does not apply to § 302.312. *See, State v. Flowers,* 597 S.W.2d 276, 277 (Mo.App.1980). In *State v. Huffman,* 627 S.W.2d 672, 673 (Mo.App.1982), this court held that § 302.312 authorizes the admission of a properly certified copy of a Department of Revenue abstract of a defendant's driving infractions in the face of a hearsay objection. The driving record here was no more than a copy of a list of defendant's driving infractions and convictions, and its admission is authorized by § 302.312, *Id.*

■ Defendant further argues that the driving record is not the best evidence of the revocation of defendant's license. The objection was not made at trial, and any error on this point was not preserved. Rule 84.13; *Federal Deposit Ins. Corp. v. Crismon, et al.,* 513 S.W.2d 305, 307 (Mo. 1974).

■ Defendant's second point also concerns the admission of his driving record. His record shows that he has been previously convicted of driving while intoxicated. To prevent the jury from learning of those convictions, the trial judge did not show the admitted exhibit to the jurors,

**1.** All sectional references are to Revised Statutes of Missouri, 1978.

Section 302.312 provides as follows:
Copies of all papers and documents lawfully deposited or filed in the offices of the department of revenue and copies of any matter recorded in the offices, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state in the same manner and with like effect as the originals.

**2.** Section 303.315 provides as follows:
Copies of suspension orders entered pursuant to this chapter duly certified by the director of revenue shall be evidence in all courts of this state in actions arising under this chapter.

but, instead, orally informed them as follows:

> Ladies and gentlemen of the jury, the state has offered Exhibit A, which is a certified copy of the driving record of Roman Albert Jackson from the state Department of Revenue in Jefferson City. In this record, the state of Missouri revoked the defendant's drivers license effective 10–28–82 for a period of one year.

Defendant claims that the court thus commented on the evidence in violation of Rule 27.06. We do not agree. The court merely stated what was shown in the record, and did not exhibit a hostile attitude to the defendant. *See, State v. Phelps,* 478 S.W.2d 304, 310 (Mo.1972). In addition, we fail to see how the jury could have construed the statement to the prejudice of defendant since they would have seen the same thing if that part of the defendant's record had been shown to them. *State v. Lomack,* 570 S.W.2d 711, 713 (Mo.App. 1978). Finally, the court's action was in response to defendant's objection that the record of past convictions would be prejudicial, *State v. Lomack, supra,* and defendant did not object when the court informed the jury of the revocation. *See,* Rule 27.06.

Even though we do not find reversible error in the lower court's statement, we also believe that it was not the wisest action. The danger is that the jury may believe that the judge is favoring one side, a situation to be strictly avoided. To avoid showing the jury the record of past convictions was proper, but the offensive entries could have been redacted or masked in some manner, and then the record could have been shown to the jury without any problem. The best solution, though, would have been for the prosecutor to obtain a copy of the suspension order from the Department of Revenue, which is clearly admissible pursuant to § 303.315.

■ Defendant's next point is that the court erred in overruling his motion in limine regarding his putting his hands on the witnesses. Defendant's problem here is that any error was not preserved because at trial he did not make a timely objection to the offensive testimony. A denial of a motion in limine without timely objection at trial preserves no error. *State v. Baugher,* 646 S.W.2d 865, 867 (Mo.App. 1982).

■ Defendant admits that the prosecution did not inquire into his alleged touching of the witnesses in the laundromat, but he complains that the State did nothing to prevent the witnesses' spontaneous, nonresponsive answers. In his motion, the defendant requested that the prosecutor not comment or inquire into the occurrences; the prosecutor agreed not to do so, and he kept his word. Defendant claims, however, that the laundromat witnesses were called only to inflame the jury, but they all corroborated the deputy's testimony that defendant was drunk. The defendant also complains that the time that the witnesses saw the defendant was not established. Once again, however, he failed to object to the evidence's relevancy, and the error, if any, was not preserved. Rule 27.06.

■ Defendant goes on to argue that the witnesses' responses were so inflammatory and prejudicial that he was denied a fair trial. Two witnesses, one male and one female, testified that the defendant had touched or put his hands on them. The woman, before mentioning the touching, testified that Mr. Jackson had always been polite to her in the past. We fail to see any appeal to racial prejudice on the part of the prosecution because, as the defendant states in his brief, the state did not interrogate the witnesses on the matter. Further, we cannot see how these two statements would have so inflamed the jury that they would not have fairly examined the evidence but instead would have convicted the defendant because he was black and had touched a white woman. Finally, defense counsel does not explain why, if the statements were so inflammatory, he did not object to them at trial or move for a mistrial.

■ Finally, defendant complains of the court's preventing him from referring

to several matters in his closing argument. First, he argues that he should have been allowed to comment on the State's failure to introduce the result of the breathalyzer test. But that evidence was stricken by the court on defendant's motion, and counsel cannot comment on or refer to evidence not admitted. *State v. Williams,* 376 S.W.2d 133, 136 (Mo.1964); *State v. Abbott,* 654 S.W.2d 260, 278 (Mo.App.1983). In a similar vein, defendant argues that he should have been allowed to illustrate a possible six-month sentence in terms of defendant's employment as a farm laborer, but the only evidence concerning his employment was stricken and defendant once again runs afoul of *State v. Williams, supra,* and *State v. Abbott, supra.* Defendant's final complaint in this area is that he was not allowed to refer to the State's failure to call his niece. But defendant's niece was present during the trial and obviously equally available to both sides. *State v. Valentine,* 587 S.W.2d 859, 864 (Mo.1979) (en banc).

For the foregoing reasons, the judgment is affirmed.

All concur.