STATE of Missouri,
Plaintiff–Respondent,

v.

Robert W. KESLER,
Defendant–Appellant.

No. 53150.

Missouri Court of Appeals,
Eastern District,
Northern Division.

March 1, 1988.

David Hamilton Ash, Bowling Green, for defendant-appellant.

William L. Webster, Atty. Gen., Jared R. Cone, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Judge.

Defendant appeals from the judgment of the trial court entered on a jury verdict convicting him of driving while intoxicated. The trial court sentenced defendant as a prior and persistent offender to one year in the county jail. Defendant correctly argued that inadmissible evidence of prior driving while intoxicated convictions prejudiced his trial. The judgment is reversed and the cause remanded for a new trial.

A brief recitation of the facts leading up to this appeal will suffice. On September 14, 1986, Trooper McPike observed a pickup truck ahead of him on Highway 54 weaving across the center line. After stopping the truck which defendant was driving, the trooper administered a number of sobriety tests, because he smelled alcohol in the truck and on defendant. Defendant failed to pass the horizontal gaze nystagmus test, to recite the alphabet, and to count backwards.

Trooper McPike arrested defendant and transported him to the Highway Patrol Office in order to obtain a breath sample from him. After giving an adequate breath sample, the breathanalyzer machine failed to produce a reading. Trooper McPike requested defendant to give another breath sample, or to submit to a blood test, but he refused. Defendant then made two phone calls. During one of the calls, Trooper McPike and Deputy Sheriff Pew heard defendant tell the other party to the conversation: "he did not have to take a second test, and he would not take a second test; that he had [McPike] over a barrel and there was no way anyone was going to convict him of third offense DWI." At trial, both Trooper McPike and Deputy Sheriff Pew testified to this conversation over defense counsel's objections. At that time, defense counsel requested a mistrial. The trial court reserved ruling on the objection but never ruled on this matter later in the trial.

Defendant in his first point of error contends the trial court erred by refusing to sustain his counsel's request for a mistrial when evidence of prior driving while intoxicated offenses was improperly submitted by the state. The state argues this testimony is admissible, because defendant's statement constitutes an admission against his interest and establishes his guilt of the crime charged.

Evidence of other crimes is admissible only when it tends to establish a defendant's guilt for the crime with which he is charged. *State v. Johnson*, 733 S.W.2d 779, 781 (Mo.App.1987). Such evidence may be admitted when it tends to establish notice, intent, the absence of mistake or accident, a common scheme or plan, or the identity of the person charged with the commission of the crime on trial. *State v. Trimble*, 638 S.W.2d 726, 732 (Mo. banc 1982), *cert. denied*, 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1031 (1983). In the case at bar, the evidence of the other crimes admitted by the trial court was not relevant to any of the above-listed criteria for admissibility, and therefore, the trial court erred by admitting such evidence. The trial

**848**

court improperly failed to grant defendant's request for a mistrial.

Defendant on appeal contends that the failure of the court to grant a mistrial was reversible error. The granting of a mistrial falls within the discretionary realm of the trial court, and our scope of review is limited to determining whether the trial court abused its discretion. *State v. Williams*, 652 S.W.2d 102, 111 (Mo. banc 1983). The error complained of mandates the remedy of mistrial, because the evidence of the other crimes did not have any legitimate tendency to establish defendant's guilt of the crime charged. By admitting this testimony and thereby raising an unwarranted presumption of guilt in the jurors' minds, the trial court invited the jury to believe that if defendant had two previous driving while intoxicated convictions, he was probably guilty of driving while intoxicated this time. The admission of this evidence violated defendant's right to be tried for the offense with which he is charged without reference to other crimes unrelated to the case at bar. *Williams, supra*, at 110.

The state argues this testimony is admissible, because defendant's statement constitutes an admission and establishes his guilt of the crime charged. An admission is a statement or conduct by a party which tends to incriminate him or connect him with the crime charged and which manifests a consciousness of guilt. *State v. Hampton*, 648 S.W.2d 162, 166 (Mo.App. 1983). Measured by this test, defendant's statement is not an admission and thus was not admissible. Defendant is entitled to his requested relief, because he demonstrated he was prejudiced by the officers' testimony concerning his statement. Point is granted.

For the foregoing reasons, the judgment of the trial court is reversed and remanded.

SATZ, C.J., and SIMEONE, Senior Judge, concur.