**CITY OF KANSAS CITY,**
**Missouri, Respondent,**

v.

**Danny E. JOHNSTON, Appellant.**

**No. WD 41068.**

Missouri Court of Appeals,
Western District.

July 18, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Robert G. Duncan, Kansas City, for appellant.

Richard N. Ward, George L. Sharp, Michael E. Dailey, Kansas City, for respondent.

Before KENNEDY, C.J., GAITAN, J., and CONNETT, Special Judge.

FRANK D. CONNETT, Jr., Special Judge.

On November 19, 1987, the appellant, Danny E. Johnston, was arrested by a Kansas City, Missouri, police officer. He was charged with four municipal ordinance violations: careless driving, operating a motor vehicle while under the influence of intoxicating liquors, attempting to elude a police officer and operating a motor vehicle while his license was suspended or revoked. He was convicted in municipal court of all four offenses. He sought and was accorded a trial de novo before a jury in the Jackson County Circuit Court. By agreement, all four charges were tried as one charge with four counts. The appellant was convicted on all four counts. He filed a motion for a new trial on all four counts. The trial court, because of an instructional error, sustained the motion on the count of driving while his license was revoked or suspended. The court denied the motion as to the other three counts, and the appellant appeals the denial to this court.

The appellant charges the trial court with three errors. He says that on the charge of operating a motor vehicle while his license was suspended or revoked the court erred in admitting into evidence the appellant's driving record showing a prior conviction of driving while intoxicated. On the charge of operating a motor vehicle while under the influence of intoxicating liquors he says it erred in not sustaining

his objection to the City's argument to the jury that "driving under the influence" means "under the influence to any extent." For the third error appellant says Instruction No. 7 to the jury on the charge of attempting to elude a police officer was erroneous because it failed to require a finding that the defendant saw or heard the officer's visual or audible signal.

On the charge of operating a motor vehicle while his license was suspended or revoked the City offered into evidence the appellant's driving record. This record showed numerous convictions for traffic violations and license suspensions or revocations and reinstatements, 23 entries in all. In conference at the bench the appellant objected to this offer on the ground that "it sets out a great many things on here that are not relevant to this case", that the driving record was not a proper way to prove a revocation and that the City should produce the revocation order. The trial court received the record into evidence but *sua sponte* ruled that the jury could not see the record but it would permit a witness to read to the jury the entries of May 13, 1987, July 13, 1987 and September 24, 1987. The entry of May 13 showed a conviction of driving while intoxicated in Gladstone, the assessment of 12 points and a second entry on that date that his license was revoked. The May 13 entries were the only ones that were read to the jury. After the ruling at the bench and before the jury the following occurred when the witness was being examined as to the contents of the driving record:

Q  Can you tell us what—on the 13th of May, 1987, what violation, if any, Mr. Johnston was convicted of?

MR. DUNCAN: Again, Your Honor, I would object to that as being an improper—that is not a proper document; it does not show any driving record. That is not a way to prove up any prior conviction, if there is one. It's not certified—this is a revocation order that revoked his license as a result of failing to take the Breathalyzer in this case and it has nothing to do, it's not proof of anything that occurred back on November 19, 1987.

THE COURT: Objection is noted and overruled.

Q  (By Mr. Dailey) Officer, referring to—

MR. DUNCAN: Plus, it is not an appropriate way of proving a prior conviction, if that's what they are attempting to show. Plus, prior convictions are inadmissible in this case.

THE COURT: Overruled.

The City contends that this record was relevant on the charge of driving while his license was suspended or revoked. The City's theory is based on the fact that on this charge it must prove beyond a reasonable doubt that appellant knew at the time he drove the car that his driving privilege had been revoked or suspended. *State v. Horst,* 729 S.W.2d 30 (Mo.App.1987). It contends that his having been convicted of driving while intoxicated and having received 12 points for this conviction imputes to him knowledge that his license had been suspended or revoked. It cites *State v. Johnson,* 687 S.W.2d 706 (Mo.App.1985) as authority. However, the driving record revealed to the jury in the *Johnson* case was for 12 points for driving while revoked, there was no objection, and the defendant testified and admitted the conviction. Here defendant did object and did not testify. Thus, the *Johnson* case does not support this position.

In his motion for new trial appellant contends that the court erred in admitting evidence of appellant's conviction of driving while intoxicated in Gladstone because it was prejudicial to the appellant for the jury to know this. In his brief to this court appellant concedes that the driving record was competent evidence to prove the revocation but contends that the record of conviction was irrelevant and prejudicial, citing *State v. Kesler,* 745 S.W.2d 846 (Mo.App. 1988). It is clear that the record of conviction for driving while intoxicated was prejudicial to the defendant, not only on this charge, the conviction of which was reversed by the trial court on other grounds, but also prejudicial on the other three charges. But whether it was relevant in this case is another question. If evidence

is relevant then it is admissible even though it may be prejudicial. *State v. Scown*, 312 S.W.2d 782, 788 (Mo.1958); *State v. Holman*, 556 S.W.2d 499 (Mo.App. 1977). "The standard of relevance is the main criterion" for the admission of evidence. *State v. Berry*, 609 S.W.2d 948, 954 (Mo. banc 1980); *State v. Williams*, 672 S.W.2d 80, 83 (Mo.App.1983). The City contends that the fact that a person is convicted of driving while intoxicated and is assessed 12 points would tend to prove that such person knew or would know that his driver's license would be revoked and thus this would be relevant in this case.

■ We find that a juror could reasonably believe that a person who had his license revoked because he had been assessed 12 points because of a conviction of an offense would be more likely to know or be aware of his revocation than would one who had his license revoked for some reason unknown to the juror. But it doesn't appear to us that a juror would be more likely to believe defendant had knowledge of such revocation if the juror knew the nature of the offense of which the defendant had been convicted. The nature of the offense should not have been revealed to the jury. However, that does not resolve the issue of whether the trial court erred in letting the record go to the jury. Appellant in this case contends that the trial court should have followed the procedure as in *State v. Jackson*, 690 S.W.2d 491, 493–94 (Mo.App.1985). In that case the judge read to the jury the relevant portion of the record without telling the jury of the prior conviction. However, the appellant in this case did not suggest or request such a procedure of the trial judge. Nor did he ask for a limiting instruction. He contented himself with a blanket objection that the evidence was inadmissible. When evidence is relevant but parts of it are prejudicial, the attorney objecting has a duty to ask the court for specific relief from the prejudicial part of the evidence or exhibit. *Turner v. Cowart*, 450 S.W.2d 441, 445 (Mo.1969). The principle is well established that if any part of an exhibit is admissible an objection going to the whole of it is properly overruled. *Breshears v.*

*Union Electric Co.*, 373 S.W.2d 948, 952 (Mo. banc 1964) (citing *Allen v. St. Louis Public Service Co.*, 365 Mo. 677, 285 S.W.2d 663 (1956)). *See also State v. Lang*, 515 S.W.2d 507 (Mo.1974); *State v. McBride*, 685 S.W.2d 953 (Mo.App.1985). Incidentally, the court of appeals in the *Jackson* case found that although such procedure was not reversible error it would have been a better practice to have used a copy of the suspension order or to show the jury the record with the conviction redacted or masked in some manner. In this case the record was so extensive that a redaction or masking would have been prejudicial to the defendant. The trial court in this case properly had the witness read it to the jury rather than having it done by the judge.

The second allegation of error arose as follows: During oral argument to the jury the City told the jury:

In the offense of driving while under the influence, please remember this is not—although it is sometimes used interchangeably, it is not quite the offense of drunk driving. We do not have to prove that Mr. Johnston was drunk, as in many people would say falling down, unable to communicate, can't talk at all. The charge is operating a motor vehicle under the influence. Under the influence to any extent.

MR DUNCAN: Well, now, I'm going to object to that, Your Honor. I don't think it's to any extent. I don't think that's quite the law.

MR. DAILEY: I believe that is the law.

THE COURT: The Court has given the jury the instructions on the law that is applicable to this case, and they will be guided by the instructions that the Court has given.

MR. DAILEY: So it is not incumbent upon the City or the prosecution to prove that Mr. Johnston was a slobbering, falling-down drunk who literally could not walk.

■ The jury was instructed in Instruction No. 6 that before they could find the

defendant guilty they must find "Second, that he did so while under the influence of intoxicating liquor." Appellant contends that the trial court erred in not sustaining his objection. The court's ruling was in effect no ruling on the correctness of the City's statement but an implied reminder to the jury that this was argument by counsel and that they should be guided by the court's instructions. This was not error. The fact is that the argument for the City, i.e., "under the influence to any extent" was a correct statement of the law and the objection of appellant could have been overruled.

"Any intoxication that in any manner impairs the ability of a person to operate an automobile is sufficient to sustain a conviction under the statute in question," now Section 577.010, RSMo 1986. *State v. Raines*, 333 Mo. 538, 62 S.W.2d 727, 729 (1933); *see also State v. Cox*, 478 S.W.2d 339 (Mo.1972); *State v. Campbell*, 292 S.W.2d 297 (Mo.1956). The phrase "under the influence of intoxicating liquor" which is used in the Kansas City ordinance in the instant case is synonymous with "while in an intoxicated condition." *McIntyre v. David*, 431 S.W.2d 216, 220 (Mo.1968). Instruction No. 6 did not include the phrase "in any manner" or the phrase "to any extent" which is similar, because to do so would be a comment on the evidence or emphasize the issue and thus be argumentative. It would be error to give an instruction which would be argumentative even though it may state a correct statement of the law. It was appropriate for the attorneys to argue to the jury about what they think constituted "under the influence." What is appropriate for argument by the attorneys is not necessarily appropriate for instruction by the court. *Andrew v. Linebaugh*, 169 S.W. 135, 145 (Mo.1914); *see also Spalding v. Robertson*, 206 S.W.2d 517 (Mo.1947) and cases cited therein; *McGirl v. Wiltz*, 148 S.W.2d 822, 828 (Mo.App.1941).

In Count III defendant was charged with attempting to elude a police officer, a violation of Section 34.118 of the Revised Ordinances of Kansas City. This ordinance provides:

Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty of a violation. The signal given by the police officer may be by hand, voice, emergency light or siren.

The jury was instructed in the verdict director:

If you find ... [f]irst, that defendant Danny Johnston operated a motor vehicle, and second that the defendant attempted to elude a pursuing police vehicle and third that the defendant was given visual or audible signal to stop by emergency light or siren, then you will find the defendant guilty of ...

■ An instruction for an attempt to elude a police officer is not provided in MAI–CR 3d. The instruction in this case is not a model. The City should have used MAI–CR 3d 329.72, "Escape from Confinement," as a model. However, defendant's only complaint was that the instruction omitted a hypothesis of a culpable mental state on the part of the defendant, i.e., willfully, and that this was an essential element of the offense. The City agrees that "willfully" is an essential element of the offense. They argue that one cannot attempt to elude a police officer without doing so willfully. This argument is well taken. The sense of willfulness is included in the words "attempt to elude." To say that a defendant willfully attempted to elude or that he attempted to willfully elude is redundant. The word "attempt" implies a willful act, as does the word "elude." One cannot elude or attempt to elude that which pursues him without knowing that he is being pursued and without an intent to escape or avoid the pursuer. So the jury was fully instructed on all of the elements of the offense. The jury was instructed upon all questions of law necessary for its guidance in returning a verdict. Rule 28.02; Section 546.070, RSMo 1986. The defendant did not offer an additional instruction or clarifying instruction. *State v. Papin*, 386 S.W.2d 355,

360 (Mo.1965); *State v. Raines,* 339 Mo. 884, 98 S.W.2d 580, 585 (1936), and in reality none was needed. Under this instruction the defendant was free to argue that the City must prove that the defendant had heard or seen the signal from the police. In fact the defendant did argue this to the jury. He further argued that the defendant was not trying to evade the police but looking "for the safest point to where he could stop" or that the defendant might have been "going to go into the Chouteau Inn." The judgment of the trial court as to Counts I, II and III is affirmed.

All concur.