STATE of Missouri, Respondent,

v.

Bradley Clinton HURD, Appellant.

No. WD 44924.

Missouri Court of Appeals,
Western District.

May 17, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 28, 1994.

Mary Ann Drape, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and KENNEDY and SMART, JJ.

PER CURIAM.

Appellant, Bradley Clinton Hurd, was charged with the violation of section 577.010, RSMo 1986, driving while intoxicated, a class D felony committed as a persistent offender, and with the violation of section 302.321, RSMo Supp.1993, driving while revoked, a class A misdemeanor.[1] Hurd's motion to sever the counts was denied, and they were tried to the same jury. Hurd was found guilty on both counts. He was also found by the court to be a persistent offender under section 577.023.3 and was sentenced on the driving while intoxicated count to imprisonment for three years. The jury returned a sentence of six months in jail and a fine for driving while revoked, and the court imposed the sentence of the jury.

■ Hurd first contends that the evidence did not suffice to submit the offense of driving while revoked because there was no proof that he knew that his driver's license was revoked.

Taken in a light most favorable to the verdict of guilty, the evidence was that on November 8, 1990, at about 1:30 a.m., Hurd was operating a motor vehicle on a public street in St. Joseph when Officer Michael Mayer stopped him for a traffic violation. As he approached the car, the officer detected a very strong odor of alcohol on Hurd's breath and saw an open beer container on the car floor with beer spilling out. Hurd's eyes were glassy and he exited the car with very flat-footed steps. Officer Mayer conducted two field sobriety tests, the heel-to-toe and the one-leg stand tests. Hurd failed the tests. He swayed and wobbled, lost his balance, and otherwise could not accomplish them. He was arrested and the breathalyzer test showed a blood-alcohol level of .221 percent.

■ In *State v. Davis*, 779 S.W.2d 244, 246 (Mo. banc 1989), the Supreme Court noted that section 302.321 does not on its face require a culpable mental state, but did not find it necessary to address the issue. We have held that to prove the offense of driving while revoked, the prosecution must show that the defendant "knew that his driving privilege had been revoked." *State v. Brown*, 804 S.W.2d 396, 398 (Mo.App.1991). Circumstantial evidence suffices to prove mental state. *State v. Swederska*, 802 S.W.2d 183, 188 (Mo.App.1991). In this case, that proof was made by Exhibits 9 and 11. Exhibit 9 was a certified copy of Hurd's driving record from the files of the Drivers License Bureau. It shows a number of revocations, the last a revocation for one year as a consequence of a conviction on January 5, 1989. Exhibit 11 was a waiver of rights and plea of guilty for an offense on December 22, 1988, which resulted in a 12 point assessment against his driver's license on that date. That waiver and plea contained the signed acknowledgement by Hurd that "[t]his conviction may/will result in suspension or revocation" of his driver's license until reinstatement by the Director of Revenue. Also, the certified driving record in evidence showed that the license had not been reinstated as of November 21, 1990, the date of the arrest for driving while revoked. This evidence sufficed to prove culpable mental state.

That issue was submitted to the jury by Instruction Number 8, patterned after MAI–CR3d 332.48, Driving While License Suspended, Revoked or Cancelled, and promul-

---

1. All statutory references are to RSMo Supp. 1993 unless otherwise stated.

gated by the Supreme Court on November 20, 1990. MAI–CR3d 332.48 requires the jury to find and believe beyond a reasonable doubt that on the date in question the defendant drove a motor vehicle, that he did so after his license was revoked, that he knew, or was aware, or consciously disregarded a substantial and unjustifiable risk that he was driving while his license was revoked. Instruction Number 8 followed this pattern and submitted the alternative of conscious disregard, etc., as the mental state. The evidence justified that submission, and the mental state was proven and found by the jury.

Point denied.

■ Hurd contends next that there was not sufficient proof that he was a persistent offender since the evidence used for that proof, Exhibits 1 and 2, was improperly received. Hurd was charged as a persistent offender under section 577.023, and was determined by the court to be a persistent offender and sentenced as such. Exhibits 1 and 2 relate to a charge, prosecution and conviction of driving while intoxicated. They were used to prove one of Hurd's prior convictions in order to prove his persistent offender status. Exhibit 1 is the docket sheet in the case showing that Hurd was convicted by plea of guilty on December 22, 1988 for driving while intoxicated. Exhibit 2 is the information charging Hurd with the class A misdemeanor of driving while intoxicated under section 577.023.2, that is, as a prior offender.

■ Hurd contends that Exhibit 1 is faulty as proof of the conviction because it does not "reflect" that Hurd pleaded guilty to an "intoxication related" offense. The docket sheet shows, however, that the designated "nature of the action" was "Driving While Intoxicated." It also shows that the defendant pleaded guilty as a "persistent offender."[2] It is clear from the docket sheet that Hurd pleaded guilty to a driving while intoxicated offense, and that is what the evidence was presented to prove. Exhibit 2, the information, bears the same case number as docket sheet Exhibit 1, and so relates to

the same prosecution and conviction. Exhibit 2 also designates the offense as driving while intoxicated. That the information designates the offense as a violation of section 577.023 ["definitions of prior offender, persistent offender, intoxication-related traffic offense, etc."], does not invalidate the formal charge. *State v. LaPlant,* 673 S.W.2d 782, 785 (Mo. banc 1984).

It seems to be the contention on appeal that a docket sheet does not suffice to prove conviction for purposes of enhanced punishment, and so the persistent offender status was not established. However, *State v. Wilson,* 684 S.W.2d 544 (Mo.App.1984) holds to the contrary.

Notwithstanding, proof of persistent offender status was not made, and the sentence on the conviction of driving while intoxicated as a class D felony [§§ 577.010 and 577.023.3] is set aside and the cause is remanded for resentencing.

A persistent offender is "a person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses, where such two or more offenses occurred within ten years of the occurrence of the intoxication-related traffic offense for which the person is charged." § 577.023.-1(2). In *State v. Stewart,* 832 S.W.2d 911, 913 (Mo. banc 1992), the Supreme Court determined that "the charge and the proof required to find and punish a person as a persistent offender under § 577.023.1(2) must involve a total of three offenses prior to the one at bar."

This cause is remanded for Hurd to be resentenced as appropriate based upon whatever evidence might be presented to establish his offender status. *State v. Cobb,* 875 S.W.2d 533, 537 (Mo. banc 1994). In the event that the State is able to establish Hurd as a persistent offender, at the time of the offense herein, the trial court is to sentence Hurd accordingly.

■ Hurd argues next that the court erred in denying his motion to sever the count of driving while intoxicated from the count of driving while revoked. Rule 24.07

---

**2.** That description was mistaken, since the information charged Hurd as a *prior* offender and cited the single prior conviction for driving while intoxicated.

provides that an offense shall be ordered to be tried separately only if, among other reasons, the party makes a "particularized showing of substantial prejudice" if the offense is not tried separately and the court finds the existence of a bias or discrimination against the party that requires a separate trial of the offense. The "substantial prejudice" asserted by Hurd is that a necessary element of the driving while revoked charge requires admission of his driving record and prior convictions—which include convictions for driving while intoxicated, the other charge for which he was on trial. The evidence of the prior conviction for driving while intoxicated, he argues, infringed his rights against self-incrimination on that charge, and was in any event, improper evidence of other crimes.

Hurd acknowledges that the decision of severance rests within the sound discretion of the trial court. It is a showing of substantial prejudice that justifies the severance. In the context of Rule 24.07 and section 545.-885.2, "substantial prejudice" means an existent or real bias or discrimination against the defendant, and not one merely imaginary or nominal. It is determined by consideration of the number of offenses charged, the complexity of the prospective evidence, and whether the trier of fact will be able to separate the evidence and apply the law intelligently to each offense. *State v. Antwine*, 743 S.W.2d 51, 57 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988).

The trial court gave particular thought to the concern of prejudice from the intertwined proofs inherent in the prosecution of driving while intoxicated and driving while revoked in the same trial.

The proof of driving while revoked was made by Exhibits 9 and 11. Exhibit 9 was a certified copy of Hurd's driving record from the Drivers License Bureau. It reflected numerous convictions for driving while intoxicated as well as the revocation of license at issue. Exhibit 11 was Hurd's waiver of rights and plea of guilty in the case that resulted in the revocation, and was also an acknowledgment of the revocation. In order to avoid prejudice, the trial court admitted these exhibits but did not allow the jury to see them. Instead, the court summarized the pertinent parts of the exhibits for the jury. In that summary, the jury was not informed of the nature of the prior convictions. The judge told the jury that Hurd's driver's license was revoked due to a 12 point assessment against him. The judge also told the jury that Hurd had signed a waiver of rights and plea of guilty form as to that offense, which form included the advisement that "this conviction may/will result in suspension or revocation of your driver's license until reinstatement by the Director of Revenue." The record reflects that these exhibit portions were read by the court to the jury in a neutral and non-adversarial manner. The record discloses a trial judge who acted with conscientious attention to remove the risk of prejudice from the case.

 Hurd argues that Exhibit 11, the waiver of rights and plea of guilty in the former driving while intoxicated case, was prejudicial—both as a matter of right to severance and as a matter of admissible evidence in a criminal prosecution for the same offense—because that evidence of his prior driving while intoxicated conviction cannot establish his guilt on the charge then being prosecuted. It is of course true that evidence of other crimes is admissible, only when it tends to establish the guilt of the defendant for the crime for which the defendant is charged. *State v. Kesler*, 745 S.W.2d 846, 847 (Mo.App.1988). Exhibit 11 was used to prove that Hurd knew that his license was revoked and not to prove that he was previously convicted of driving while intoxicated. It bore to prove the element of submission that Hurd "consciously disregarded a substantial and unjustifiable risk that he was driving while his operator's license was revoked."

Hurd cites *City of Kansas City v. Johnston*, 778 S.W.2d 321 (Mo.App.1989), in support of his argument of prejudice. In that case the defendant was charged with driving while intoxicated and driving while revoked. *Id.* at 322. The defendant's driving record showed 23 traffic violations and license suspensions. *Id.* at 323. The jury was allowed to hear the nature of the violations on the

driving record which included a prior driving while intoxicated conviction. *Id.* at 323. *Johnston* held that the evidence to the jury of the driving while intoxicated conviction was prejudicial, but found no reversible error. *Id.* at 323–24. The court noted that because the record was so extensive, a redaction or masking would have been prejudicial to the defendant. *Id.* at 324.

In the instant case, the jury was not told the nature of the actions described on Hurd's driving record. The court's statement to the jury that Hurd's license was revoked because of a 12 point assessment against it and that Hurd signed an acknowledgment that the conviction could result in revocation of his license, were competent evidence to prove that Hurd was driving with a culpable state of mind at the time of the arrest for driving while revoked. It was proper and nonprejudicial evidence.

The conviction and sentence for driving while revoked are affirmed. The conviction for driving while intoxicated is affirmed, but the sentence is set aside and that cause is remanded for resentencing.

All concur.