George Edward BRYANT, Appellant,

v.

The STATE of Texas, State.

No. 2–81–292–CR.

Court of Appeals of Texas, Fort Worth.

Dec. 1, 1982.

Johnson, Johnson & Rothfelder, and Joe J. Johnson, Jr., Fort Worth, for appellant.

Fred M. Barker, County Atty., Weatherford, for appellee.

Before HUGHES, SPURLOCK and JORDAN, JJ.

## OPINION

JORDAN, Justice.

This is an appeal from an order revoking appellant's probation of his conviction of driving while license suspended. Tex.Rev. Civ.Stat.Ann. art. 6701h, § 32(c) (1977).

We reverse and dismiss.

Appellant was convicted of driving while license suspended on May 1, 1981 and was assessed punishment of a fine of $100.00 and 60 days confinement in jail with $68.00 costs of court and was placed on probation for a period of six months.

The State subsequently moved to revoke probation alleging that the appellant violated the terms of his probation, in that during the term of the probation, appellant did intentionally and knowingly unlawfully carry, on or about his person, a handgun. The court, after hearing, granted the motion to revoke probation and sentenced the appellant to be confined in jail for thirty days.

Appellant complains that (1) the information brought against him failed to allege a required culpable mental state; (2) the information did not appear to have been presented by a proper officer; (3) the trial court erred in not granting his motion for a finding of not true; and (4) the trial court erred in finding that he had violated the terms and conditions of his probation and ordering his probation revoked due to the insufficiency of the evidence.

It is only necessary to address appellant's first ground of error.

The prosecution was brought under art. 6701h, § 32(c), which provides:

"(c) Any person whose license or registration or non-resident's operating privilege has been suspended or revoked under this Act and who, during such suspension or revocation drives any motor vehicle upon any highway or knowingly permits any motor vehicle owned by such person to be operated by another upon any highway, except as permitted under this Act, shall be fined not more than Five Hundred Dollars ($500) or imprisoned not exceeding six (6) months, or both."

It can be seen from the statutory language that no culpable mental state is expressly provided for this offense. Appellant relies on V.T.C.A. Penal Code, § 6.02. Sec. 6.02(b) provides:

"If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element."

In *Goss v. State,* 582 S.W.2d 782 (Tex.Cr. App.1979), the court held that an indictment for the offense of failing to stop and

render aid, Tex.Rev.Civ.Stat.Ann. art. 6701d, §§ 38 and 40, must allege a culpable mental state because of Penal Code § 6.02(b) and that such indictment was therefore fundamentally defective. *Also see, Bocanegra v. State,* 552 S.W.2d 130 (Tex.Cr.App.1977).

An examination of Tex.Rev.Civ.Stat.Ann. art. 6701h, § 13(a), under which appellant's operator's license was suspended, along with other applicable provisions of art. 6701h demonstrates the need to allege a culpable mental state.

Sec. 13(a) of art. 6701h provides, "[u]pon the receipt of a certified copy of a judgment, the Department shall forthwith suspend the license and all registrations and any nonresident's operating privilege of any person against whom such judgment was rendered, . . . " Since the Department is ordered to forthwith suspend the license, and, since the holder of such license might not know that a certified copy of a judgment was received by the Department and his license was suspended, unless the State is required to allege and prove that he intentionally and knowingly drove the vehicle while his license was suspended, a person could be prosecuted when he did not know his license was suspended.

An examination of art. 6701h does not readily reveal a manifest intent by the legislature to eliminate *mens rea.* Not only are the words "intentionally" and "knowingly" included in the suggested form for an information for driving while license suspended in 7 Willson, Morrison and Blackwell, Texas Practice Criminal Forms § 25.-13 (1977), but they are also included in the suggested form for such an information set out in 1 Texas District and County Attorney's Association, Texas Prosecutor's Trial Manual (1981).

Under the penal code, the culpable mental state is expressly made, not a defense, but an element of the offense, V.T.C.A. Penal Code, § 1.07(a)(13)(B), and this is so even where the culpable mental state is not expressly stated in the statutory definition of the offense. (Sec. 6.02(b))

We hold that the requirements of § 6.02 apply to art. 6701h, § 32(c) and that the culpable mental state thereby required for the offense of driving while license suspended is to intentionally and knowingly drive and operate a motor vehicle. V.T.C.A. Penal Code, § 6.03(a) and (b). Under § 1.07(a)(13), such knowledge is an element of the offense, and therefore must be alleged in the information. The information in the case at bar did not allege that culpable mental state.

The judgment is reversed and the prosecution is ordered dismissed.