STATE of Missouri,
Plaintiff-Respondent,

v.

Vernon H. TIPPETT,
Defendant-Appellant.

No. 50965.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 23, 1986.

William O. Green, Memphis, for defendant-appellant.

Frederick Leo Westhoff, Pros. Atty., Canton, for plaintiff-respondent.

KELLY, Judge.

Vernon H. Tippett, (hereinafter referred to as defendant) was convicted of driving while his driver's license was revoked. Section 302.321 RSMo Cum.Supp.1984. After a trial by the court, defendant was sentenced to sixty days in jail, fifty-eight days of which were suspended, ordered to pay court costs, and assessed a crime victim's compensation judgment of thirty-six dollars. Defendant was also placed on one year's unsupervised probation. We reverse.

Defendant was arrested by a Missouri state trooper while driving on U.S. Highway 61 in Lewis County, Missouri, on January 26, 1985, for exceeding the speed limit. During the process of issuing the speeding ticket, the trooper checked defendant's driving record. Upon receiving the information that defendant's driver's license in Missouri was currently under revocation, the trooper charged defendant with driving while his license was revoked.

Defendant did not receive notice from the Department of Revenue that his driving privileges had been revoked until February 5, 1985.

At trial, defendant moved for a dismissal of the charge of operating a motor vehicle on a public highway while his license was revoked. Defendant contends that even though the effective date of the revocation was January 26, 1985, the same day that defendant was arrested, the notice of revocation of defendant's driving privileges was not received by defendant until 10 days after his arrest, on February 5, 1985. We hold that defendant could not be convicted under ·§ 302.321 RSMo Cum.Supp.1984 of driving while his driver's license was revoked, because he had no notice of the revocation.

While there are no Missouri cases directly on point, the Supreme Court of North Carolina in *State v. Atwood,* 290 N.C. 266, 225 S.W.2d 543, 545[3] (1976), held that there must be actual or constructive knowledge of suspension or revocation of driver's license for there to be a conviction for driving while license is suspended or revoked.

North Carolina's Statute G.S. 20–28(a) is virtually identical to Missouri's Statute § 302.321 RSMo Cum.Supp.1984. Both require for a conviction that the state prove beyond a reasonable doubt (1) the operation of a motor vehicle by a person (2) on a public highway (3) while his operator's license is suspended or revoked. Neither statute specifies whether one must operate a motor vehicle *knowing* that his license has been suspended before he commits a violation of the section. Analogous to the court in *State v. Atwood, supra,* we believe that the legislature intended that there be actual or constructive knowledge of the revocation in order for there to be a conviction under § 302.321 RSMo Cum.Supp. 1984.

The state relies on *State v. Johnson,* 687 S.W.2d 706 (Mo.App.1985). In *Johnson,*

the defendant had knowledge that he had already lost his driving privileges because he was convicted of a previous offense which carried an assessment of 12 points, which is by itself sufficient for revocation.

In the case at bar, the defendant's driving privileges were revoked for an accumulation of points, not an individual offense which constituted a mandatory revocation.

Here, the state was required to provide notice of revocation to the defendant, before the defendant could be convicted of driving while his driver's license was revoked.

We reverse defendant's conviction under § 302.321 RSMo Cum.Supp.1984 of driving while under revocation.

CRANDALL, P.J., and PUDLOWSKI, J., concur.