STATE of Missouri,
Plaintiff-Respondent,

v.

Charles A. HORST,
Defendant-Appellant.

No. 50801.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 14, 1987.

Motion for Rehearing and/or Transfer
Denied May 12, 1987.

Lee R. Elliott, Troy, for defendant-appellant.

Edward J. Grewach, Pros. Atty., Troy, for plaintiff-respondent.

SIMEONE, Senior Judge.

On March 21, 1985, defendant-appellant, Charles A. Horst, some 70 years of age, was arrested in Troy, Missouri by Officer Will Cheesman for (1) driving while intoxicated, and (2) driving while license revoked in violation of § 302.321, R.S.Mo., 1978.

On March 28, 1985, appellant was formally charged by information with driving while intoxicated (Count I) and driving while license revoked (Count II). He was tried to a jury and found guilty on both counts. He was fined by the court in the amount of $500 on Count I, and sentenced to two days in jail on Count II—driving while license revoked. Horst appeals only the sentence imposed for "driving while license revoked." We reverse and remand the cause for further proceedings.

The State has filed a motion to dismiss the appeal for failure to follow "Rule 84.-04" [sic—Rule 30.06]. That motion is denied, even though the brief of appellant is not a model of analysis and clarity. The appellant has filed a motion to supplement the legal file and that motion, originally taken with the case, is granted. Rule 30.-04(h). The State has not favored this court with any brief or memorandum dealing with the facts and issues which are rather important and complex, so that we are left to ferret out the facts and research and analyze the issues ourselves without the benefit of the State's thoughts, arguments and advocacy.

For reversal, or reversal and remand, appellant alleges several grounds of error,

among which are that the court erred in giving the verdict directing instruction, Instruction No. 9, and in refusing to give certain offered instructions raising the issue of the lack of a culpable mental state necessary for the offense of driving while license revoked. He also contends the court erred in refusing to admit certain proffered evidence that appellant reasonably believed that his license had not been revoked or that the enforcement or revocation had been stayed.

The trial court gave Instruction No. 9, patterned on MAI–CR 2d 32.01 (driving while intoxicated) which informed the jury as to Count II that if it believed defendant operated a motor vehicle on a public road and that he did so while his operator's license was revoked, then the jury should find him guilty on Count II. The defendant offered certain instructions based on MAI–CR 2d 2.37.1, 2.37.2 and 2.37.3 which would have informed the jury that the state not only has the burden to show that the defendant was driving while his license was revoked, but also that the state has the burden to show that defendant was aware that his license was revoked or that he reasonably believed that he had a license to drive so that he was not reckless in driving while license revoked. The court refused these offered instructions and gave Instruction No. 9. That instruction did not indicate that a culpable mental state is required for the charged offense. The refusal to give the offered instructions was preserved in the motion for new trial and is one of the points raised on appeal.

■ We need not address all of the various issues raised by appellant since we believe the court erred in refusing to give any instruction informing the jury that defendant must be aware that his license was revoked or that he was not reckless in believing that he had a license to drive.

■ Although § 302.321, R.S.Mo. does not specifically mention a culpable mental state, we believe that under § 562.021.2, that a culpable mental state is an essential element of the offense and is required to convict. We held as much in State v. Tippett, 716 S.W.2d 909 (Mo.App.1986). In

that case, this court held that there must be knowledge of a revocation of an operator's license in order to sustain a conviction under § 302.321. Since a culpable mental state is an essential element of the offense, it follows that the jury should be instructed in accordance with MAI–CR2d 2.37.2 or 2.37.3. Appellant preserved the refusal to give the offered instructions relating to his theory of defense. We further conclude that since a culpable mental state is a requisite element of the offense, competent evidence introduced or proffered of a reasonable belief that defendant's license had not been revoked, suspended or enforcement thereof stayed is admissible to show such reasonable belief.

At the time of this trial it was not definitively clear in Missouri whether the appeal of driving while license revoked was malum prohibitum or whether a culpable mental state is required. There is no MAI–CR. There was some indication in State v. Johnson, 687 S.W.2d 706 (Mo.App.1985) that a culpable mental state was not required. But the statement in Johnson was made in the context of that decision and was distinguished in Tippett. The less than clear requirements did not provide adequate guidelines. But now we make clear that the offense requires a culpable mental state and competent evidence which negates that state of mind is admissible.

Our conclusion relating to a culpable mental state is supported by authorities in other states. Bryant v. State, 643 S.W.2d 241 (Tex.App.1982); State v. Jennings, 150 Ariz. 90, 722 P.2d 258, 262 (1986).

We have reviewed this entire complex record and under all the circumstances conclude that the cause should be reversed and remanded for further proceedings.

The judgment is reversed and remanded.

SNYDER, C.J., and CARL R. GAERTNER, J., concur.