**CITY OF BOWLING GREEN,**
**Plaintiff-Respondent,**

v.

**Lindy Cay PILLIARD,**
**Defendant-Appellant.**

**No. 53085.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 7, 1988.

Lee R. Elliott, Troy, for defendant-appellant.

John M. McIlroy, Jr., Bowling Green, for plaintiff-respondent.

PER CURIAM.

Defendant appeals after a conviction by a jury of driving a motor vehicle while her state's operating license was suspended, in violation of the City of Bowling Green ordinance 76.340.7. She was sentenced to 10

days in the city jail. We reverse and remand.

Defendant contends the trial court erred in submitting the city's verdict director, instruction no. 7. She argues the instruction failed to require the jury to find she had the necessary culpable mental state.

Instruction no. 7, which was patterned on MAI–CR2d 32.01 (driving while intoxicated), provided in relevant part as follows:

> As to Count II, if you find and believe from the evidence beyond a reasonable doubt:
>
> > First, that on or about July 24, 1984 on Business Highway 61 in the City of Bowling Green, State of Missouri, the defendant operated a motor vehicle, and
> >
> > Second, that she did so while her operator's license was suspended by the State of Missouri,
>
> then you will find the defendant guilty under Count II of driving while her license was suspended.
>
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

In *State v. Horst*, 729 S.W.2d 30 (Mo. App.1987),[1] we were confronted with the same issue involving a violation of § 302.321, RSMo.1986 (driving while license or driving privilege is cancelled, suspended, or revoked). In *Horst* we stated

> Although § 302.321, RSMo. does not specifically mention a culpable mental state, we believe that under § 562.021.2, that a culpable mental state is an essential element of the offense and is required to convict. We held as much in *State v. Tippett*, 716 S.W.2d 909 (Mo. App.1986). In that case, this court held that there must be knowledge of a revocation of an operator's license in order to sustain a conviction under § 302.321. Since a culpable mental state is an essential element of the offense, it follows that the jury should be instructed in accordance with MAI–CR2d 2.37.2 or 2.37.-

3. Appellant preserved the refusal to give the offered instructions relating to his theory of defense.

*Horst*, 729 S.W.2d at 31. Because the state's verdict directing instruction did not require the jury to find the defendant had the necessary culpable mental state, we reversed and remanded. *Id.*

 Here, defendant properly preserved the issue. We believe the same rule that applies to a violation of § 302.321, RSMo.1986, also applies to a violation of the City of Bowling Green ordinance. Therefore, the verdict director, instruction no. 7, did not properly instruct the jury on the requisite mental state of defendant, an essential element of the offense.

Reversed and remanded for a new trial.

---

1. This case was tried prior to our ruling in *Horst*.