**STATE of Missouri, Plaintiff–Respondent,**

v.

**Roger Tex COUNTS, Defendant–Appellant.**

No. 16330.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 31, 1990.

Robert Z. Oberzalek, Pros. Atty., Eminence, for plaintiff-respondent.

Frederick W. Martin, III, West Plains, for defendant-appellant.

MAUS, Judge.

Defendant-appellant was charged with driving while his driver's license was revoked. § 302.321. He waived a jury. The trial court found him guilty and sentenced him to one year in jail. His point on appeal is that the trial court erred because the evidence was "insufficient to establish beyond a reasonable doubt that appellant operated a motor vehicle with knowledge that his driving privileges were revoked." He relies upon cases such as *State v. Horst*, 729 S.W.2d 30 (Mo.App.1987) and *State v. Tippett*, 716 S.W.2d 909 (Mo.App.1986).

"As to the mental state, § 302.321 does not, on its face, require a culpable mental state, nor has this Court held that one is required." *State v. Davis*, 779 S.W.2d 244, 246 (Mo. banc 1989).

■ Unless the context of § 302.321 is found to otherwise require, the provisions of The Criminal Code govern the construction of that statute. § 556.031.2. This court finds § 302.321 does not require otherwise.

That section does not expressly prescribe a culpable mental state necessary to the commission of the offense.

Section 562.021 in part provides:

"2. Except as provided in section 562.-026 if the definition of an offense does not expressly prescribe a culpable mental state, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly or recklessly, but criminal negligence is not sufficient."

Section 562.026 in part provides:

"A culpable mental state is not required

"(2) If the statute defining the offense clearly indicates a purpose to dispense with the requirement of any culpable mental state as to a specific element of the offense."

It is not necessary to analyze *Horst* and *Tippett* in the light of the principles expressed in those sections. See *People v. Johnson*, 121 Ill.Dec. 488, 170 Ill.App.3d 828, 525 N.E.2d 546 (1988); and *Zamarripa v. First Judicial Dist. Court*, 103 Nev. 638, 747 P.2d 1386 (1987). Additional cases are cited in *State v. Keihn*, 542 N.E.2d 963 (Ind.1989).

■ Assuming that the offense defined in § 302.321 requires a mental element, it is sufficient if a defendant has acted "purposely or knowingly or *recklessly*". § 562.021.2. (Emphasis added.) "In determining if there was sufficient evidence in a criminal case, the Court accepts as true all evidence in the record tending to prove the defendant's guilt, together with all reasonable inferences that can be drawn therefrom." *State v. Davis*, 779 S.W.2d at 245. In its excellent brief, the state points out the evidence upon which it relies to support a determination the defendant acted with the necessary mental state.

■ The defendant did not testify. By agreement, the Missouri Department of Revenue Drivers License Bureau "Driver Record", pertaining to the defendant, was admitted in evidence. See *State v. Purdy*, 766 S.W.2d 476 (Mo.App.1989). That record demonstrates the defendant's driver's license had been revoked six times and

reinstated twice between October 31, 1972 and February 15, 1984. His license was last reinstated on the latter date. His license was again revoked on September 7, 1984. He surrendered his license on September 8, 1984. The record also shows his license was later revoked on January 15, 1987 and December 23, 1988. It is not necessary to consider if the record of each revocation carries with it a basis to find the defendant had or is charged with notice of revocation. See *State v. Purdy*, supra; *State v. Johnson*, 687 S.W.2d 706 (Mo.App. 1985).

■ Even after the expiration of a period of revocation, it was necessary for the defendant to apply for a new license and meet other requirements to end the revocation and reinstate his license. See §§ 302.-309; 302.304.6; and Chapter 303.

■ The fact the defendant surrendered his license provides a basis from which it may reasonably be inferred he knew it was revoked. The record demonstrates he was aware of the requirement of and procedure for reinstatement. The record further demonstrates the license has not been reinstated since its surrender on September 8, 1984. The record is a basis from which the trial court could find beyond a reasonable doubt that in driving on November 9, 1987, the defendant knew or consciously disregarded a substantial and unjustifiable risk that his driver's license was revoked. The judgment is affirmed.

FLANIGAN, P.J., and HOGAN, J., concur.