**STATE of Missouri, Respondent,**

v.

**James Lee BROWN, Appellant.**

**No. WD 43211.**

Missouri Court of Appeals,
Western District.

Jan. 29, 1991.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
March 5, 1991.

Fred Duchardt, Public Defender, Liberty, for appellant.

David A. Baird, Nodaway County Pros. Atty., Maryville, for respondent.

Before LOWENSTEIN, P.J., and BERREY and GAITAN, JJ.

BERREY, Judge.

Appellant was convicted by a jury for driving while intoxicated and the trial judge sentenced him to one year in jail. The jury also convicted appellant of two driving while revoked charges and sentenced him to one year in jail on each count. The trial judge ordered the sentences to run consecutively. From these actions the appellant appeals.

On June 1, 1989, Officer Curless of the Missouri State Patrol saw appellant's car parked outside a tavern in Quitman, Missouri. The vehicle had no license plate. Subsequently Curless and Deputy Sheriff Tray Pitts observed Brown drive his car away from where it had been parked. Curless knew the appellant and knew his operator's privilege had been revoked by the State. Brown was arrested for driving while revoked and while intoxicated.

Brown refused to take the proffered breathalyzer. Several months later Curless again observed Brown operating a motor vehicle in Hopkins, Nodaway County. Curless gave pursuit and stopped Brown. Brown exited from the driver's side of the vehicle. Curless proceeded to arrest Brown for driving while revoked.

Appellant alleges three points of error: (1) permitting an edited version of defendant's driving record to be passed to jury; (2) failure by the state to show defendant had the requisite culpable mental state knowing his license was revoked on June 1 and August 7, 1989; (3) trial court failure to find that the state failed to prove a refusal by appellant to submit to appropriate test to determine blood alcohol.

■ In Point I appellant contends that the trial court erred in passing an edited driving record of his among the jury and allowing the state to comment upon the number of entries in that record. Appellant has not properly preserved this issue for appeal as no objection was made to the

passing of that record. In fact, defense counsel stated that he had no objection to that action.

MR. BAIRD: Your Honor, at this point, we'd ask permission to pass the exhibits that have been previously introduced and pass them to the jury.

THE COURT: You may.

MR. LYNN: No objection, Your Honor. I do want the two diagrams back for cross-examination.

THE COURT: I assume you're not going to pass the diagrams.

MR. BAIRD: No, I'm not going to pass the diagrams, Your Honor. I'm moving to pass State's Exhibits Nos. 20, 23 showing the prior convictions, 24 showing the driving record and the points and suspension or revocation, actually. It would be the driving privilege. And State's Exhibit numbered 18, which is the refusal to take the test.

THE COURT: Those items may be passed to jurors.

Similarly, appellant made no objection to the remarks of the prosecuting attorney as to the number of entries contained in the driving record and the reference was clearly not plain error. Appellant's Point I is denied.

■■■ Appellant, in Point II, claims that the court erred in not holding that the state failed to show that he had the requisite culpable mental state. In order to convict appellant for driving while revoked, the state must establish a culpable mental state, that appellant knew that his driving privilege had been revoked. *State v. Horst*, 729 S.W.2d 30 (Mo.App.1987); *City of Bowling Green v. Pilliard*, 751 S.W.2d 413 (Mo.App.1988).

There was an overwhelming amount of evidence introduced which established the requisite mental state. Trooper Curless testified that he had stopped appellant two months earlier, citing him for driving while revoked. It is logical to assume that if appellant was cited two months earlier for driving while revoked he knew he was driving while revoked on August 7, 1989. Furthermore, introduction of appellant's prior convictions and redacted driving record were pertinent on the issue of knowledge.

There were twenty entries in the record going back over the last twenty-five years. This evidence was all admissible and relevant under *City of Kansas City v. Johnston*, 778 S.W.2d 321 (Mo.App.1989). Appellant's Point II is denied.

■■■ In his final point, appellant claims that it was error for the "court not to find that the state failed to prove a refusal by appellant-defendant to submit to an appropriate test to determine blood alcohol content." Appellant refused to take a breathalyzer test. Brown did request a blood alcohol test but was not given one. This issue has not been preserved for appeal as it was not set out by appellant in his motion for a new trial. *See State v. Moiser*, 738 S.W.2d 549, 563 (Mo.App.1987). Even had the issue been properly preserved, the refusal to take a breathalyzer test was not mitigated by his offer to take a blood test. *See McGuire v. Jackson County Prosecuting Attorney*, 548 S.W.2d 272 (Mo.App. 1977). Appellant's Point III is denied.

The judgment of the trial court is affirmed.

All concur.