STATE of Missouri, Plaintiff–Respondent,

v.

Minnie M. (Burns) QUIGLEY, Defendant–Appellant.

No. 17793.

Missouri Court of Appeals, Southern District, Division Two.

May 6, 1992.

Guy H. Richardson, Poplar Bluff, for defendant-appellant.

No appearance for plaintiff-respondent.

MONTGOMERY, Judge.

After a non-jury trial, Defendant was found guilty of "Driving While Revoked." On appeal, Defendant only attacks the sufficiency of the information. The State has filed no brief in opposition.

Defendant's point relied on states:

The trial court erred in rendering a judgment of conviction against the defendant because the information seeking to charge the defendant with a crime was insufficient and failed to charge the essential elements of a crime, and therefore, the court was without jurisdiction to render its judgment. . . .

The information is reproduced in the record in the following form:

**UNIFORM COMPLAINT & SUMMONS**

Complaint & Information

MOMHP0000 — MISSOURI HIGHWAY PATROL
STATE OF MISSOURI

**88 1049667**

G. PRUNEAU

IN CIRCUIT COURT OF WAYNE-72 COUNTY ASSOC DIVISION

UNDERSIGNED POLICE OFFICER STATES THAT

on or about (date) 5-28-90 upon/at or near (location/log pt.) US 67 β - 2025 ☐ AM ☐ PM

WITHIN COUNTY AND STATE AFORESAID

Name (last, first, middle) BURNS MINNIE MARIE (QUIGLEY)

Street Address 312 MORLEY ST.

City FREDERICKTOWN State Mo. Zip 63645

Date of Birth 11-16-86 Age 23 Race W Sex F Height 505 Weight 173

Driver's Lic. No. B216-8776-6101-7726 State Mo

Dept. of Revenue Use Only — Do not write in this space.

Employer _____ Street Address _____

City _____ State _____ Zip _____

DID UNLAWFULLY ☒ OPERATE ☐ PARK

VEH Year/Make 79 PONT Model G.PRIX Style 2D Color BLUE

LIC Number ULP-048 State Mo Year 90

DID THEN AND THERE COMMIT THE FOLLOWING OFFENSE TO WIT

Description of Violation DRIVING WHILE SUSP. REVOKED

DATE: 10-23-86
CASE # FP041167

Driving _____ MPH when limited to _____ MPH

Detection Method ☐ stationary radar ☒ moving radar ☐ watch (air) ☐ watch (ground) ☐ pace ☐ other

in violation of 302321 ☒ RSMo. ☐ Mo. Charge Code ☐ Ord. 966.006.0 ☐ in accident ☐ DWI/BAC

THE ABOVE COMPLAINT IS TRUE AS I VERILY BELIEVE.

Officer _____ Badge 109

SWORN TO BEFORE ME THIS DATE

Name & Title _____ Date _____

I promise to dispose of the charges of which I am accused through court appearance or prepayment of fine and court costs.

Signature _____

Court Date 06-14-90 Court Time 130PM ☐ AM ☐ PM

Street Address COURTHOUSE City GREENVILLE

ON INFORMATION, UNDERSIGNED PROSECUTOR COMPLAINS AND INFORMS COURT THAT ABOVE FACTS ARE TRUE AS HE VERILY BELIEVES.

Prosecutor's Signature _____ Date _____

Form 37.1162A

88 1049900

As can be seen, the State attempted to charge Defendant with a violation of § 302.321, RSMo Cum.Supp.1991, which reads, in part:

> Any person whose license and driving privilege as a resident or nonresident has been canceled, suspended, or revoked under the provisions of sections 302.010 to 302.340, sections 302.500 to 302.540, section 544.046, RSMo, or under the provisions of chapter 577, RSMo, and who drives any motor vehicle upon the highways of this state while such license and privilege is canceled, suspended or revoked and before an official reinstatement notice or termination notice is issued by the director, is guilty of a class A misdemeanor....

The test of sufficiency of an information is whether it contains all essential elements of the offense as set out in the statute and clearly apprises the defendant of facts constituting the offense. *State v. Gilmore,* 650 S.W.2d 627, 628 (Mo. banc 1983); *State v. Powell,* 717 S.W.2d 548, 549 (Mo.App.1986). *See* Rule 23.01(b)(2), Missouri Rules of Court (1990).

In *State v. Horst,* 729 S.W.2d 30, 31 (Mo.App.1987), it was held that a culpable mental state is an essential element of an offense under § 302.321.[1] *See* MAI–CR 3d 332.48. Obviously, the information here contained no allegation of Defendant's mental state. Such omission is fatal.

Citing § 302.321 in the information does not cure the failure to state facts constituting elements of the offense. *Gilmore* at 629. Because the information omits the essential element of a culpable mental state, other deficiencies need not be discussed.

The judgment is reversed and remanded with the trial court ordered to dismiss the cause.

FLANIGAN, C.J., and SHRUM, P.J., concur.

---

1. The *Horst* opinion notes § 302.321 does not specifically mention a culpable mental state. However, § 562.021.2 supplies the necessity of a culpable mental state as an essential element of a § 302.321 offense. *See State v. Counts,* 783 S.W.2d 181, 182 (Mo.App.1990).