**STATE of Missouri, Plaintiff–Respondent,**

v.

**Carl M. MERRITT, Defendant–Appellant.**

**No. 17900.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 5, 1992.

Motion for Rehearing or Transfer to Supreme Court Denied
June 26, 1992.

Guy H. Richardson, Poplar Bluff, for defendant-appellant.

No appearance for plaintiff-respondent.

MONTGOMERY, Judge.

In this court-tried case, Carl M. Merritt (Defendant), appeals his conviction of "Driving Under Revocation." Defendant only raises one point, asserting that the Information upon which he was convicted failed to charge the essential elements of a crime under § 302.321.[1] For that reason, says Defendant, the court was without jurisdiction to render its judgment. No brief was filed by the State.

■ Reproduced from the record is the following Information upon which Defendant was convicted:

**COMPLAINT & INFORMATION**
**MISSOURI UNIFORM COMPLAINT & SUMMONS**

ORI NO. M__ __200
POPLAR BLUFF POLICE DEPARTMENT
STATE OF MISSOURI
IN THE _Cir Ct_ COURT OF
BUTLER COUNTY, _Div II_ DIVISION

NO. 910 007048

THE UNDERSIGNED POLICE OFFICER STATES THAT

on or about (DATE) 07-17-91 upon/at or near (LOCATION/LOG PT) U.S 60 S Hwy at (TIME) 1208 PM

WITHIN COUNTY AND STATE AFORESAID

Name (LAST, FIRST, MIDDLE) MERRITT, CARL MONROE
Street Address RT 9 Box
City Poplar Bluff State MO Zip Code
Date of Birth 03-19-60 Age Race white Sex M Height 6'1" Weight 190
Driver's License No. 500 669 2472 State
□ OP □ CH □ MC QUAL

_Dept. of Revenue use only — Do not write in this space._

(optional space for local use)

DID UNLAWFULLY □ OPERATE □ PARK
VEHICLE Year Make Ford Model Style Color Plu Blue
Number State Year

AND THEN AND THERE COMMITTED THE FOLLOWING OFFENSE.
Describe Violation Driving Under Revocation

Driving ___ MPH when limited to ___ MPH
Detection Method □ STA RADAR □ MOV RADAR □ WATCH (AIR) □ WATCH (GRND) □ PACE □ OTHER

in violation of ☒ RSMO 302.321 □ ORD
Missouri Charge Code □ IN ACCIDENT □ DWI/BAC

THE ABOVE COMPLAINT IS TRUE AS I VERILY BELIEVE.
Officer Ed Mobley Badge No 69

SWORN TO BEFORE ME THIS DATE.
Name & Title _Caroline W Peterson_ A.C. Date 7/22/91

I promise to dispose of the charges of which I am accused through court appearance or prepayment of fine and court costs.
Signature X

Court Date 08-05-91 Court Time 0900 □ AM □ PM
Street Address Cir Ct Div II
City Poplar Bluff

OR INFORMATION UNDERSIGNED PROSECUTOR COMPLAINS AND INFORMS COURT THAT ABOVE FACTS ARE TRUE AS HE VERILY BELIEVES.
Prosecutor's Signature Date

FORM 162A    MULTI-MEDIA FORMS, INC.  (314) 227-0170

2

---

**1.** Statutory references are to RSMo Cum.Supp. 1991, unless otherwise indicated.

**6**

Review of the Information shows Defendant was charged with a violation of § 302.321 which reads in pertinent part:

Any person whose license and driving privilege as a resident or nonresident has been canceled, suspended, or revoked under the provisions of sections 302.010 to 302.340, sections 302.500 to 302.540, section 544.046, RSMo, or under the provisions of chapter 577, RSMo, and who drives any motor vehicle upon the highways of this state while such license and privilege is canceled, suspended or revoked and before an official reinstatement notice or termination notice is issued by the director, is guilty of a class A misdemeanor....

■ The purpose of an Information is (1) to inform the accused of the charges against him so he can adequately prepare a defense; (2) to preclude his retrial on the same issues; and (3) to permit the trial court's determination of whether sufficient facts are alleged to support the conviction. *State v. Gilmore,* 650 S.W.2d 627, 628 (Mo. banc 1983). A court acquires no jurisdiction if an Information is insufficient, and proceedings upon such an Information are a nullity. *Id.* An Information is sufficient if it contains all of the alleged offense's essential elements and if it clearly apprises the accused of the facts constituting the offense. *State v. Brown,* 660 S.W.2d 694, 698 (Mo. banc 1983); Rule 23.01(b)(2), Missouri Rules of Court (1991).

A culpable mental state is an element of an offense under § 302.321. *State v. Horst,* 729 S.W.2d 30, 31 (Mo.App.1987). Even though § 302.321 does not mention a culpable mental state, § 562.021.2, RSMo 1986,[2] supplies the requirement of a culpable mental state for conviction under § 302.321. *Id. See* MAI–CR 3d 332.48; *State v. Tippett,* 716 S.W.2d 909, 910 (Mo.

App.1986); *State v. Counts,* 783 S.W.2d 181, 182 (Mo.App.1990). Among other deficiencies, the Information here contained no allegation of Defendant's mental state. The State's failure to charge this essential element is fatal.

A defective Information is not cured by citing § 302.321 in the Information. *Gilmore,* 650 S.W.2d at 629. The Information must allege the essential facts constituting the offense. Rule 23.01(b)(2). The Information here omits the essential element of a culpable mental state which requires reversal. For that reason it is unnecessary to discuss other deficiencies of the Information.

The judgment is reversed and remanded with the trial court ordered to dismiss the cause.

FLANIGAN, C.J., and SHRUM, P.J., concur.

---

2. § 562.021.2 provides, in pertinent part, "... if the definition of an offense does not expressly prescribe a culpable mental state, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly or recklessly...."