**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Billy Wayne WALKER, Defendant–
Appellant.**

**No. 17608.**

Missouri Court of Appeals,
Southern District,
Division One.

July 10, 1992.

No appearance for plaintiff-respondent.

R. Cristine Stallings, Columbia, for defendant-appellant.

PREWITT, Presiding Judge.

Following nonjury trial the defendant was convicted of driving an automobile while his drivers license was under revocation. § 302.321, RSMo Supp.1990. He was sentenced to one year in the Butler County Jail.

Defendant appeals, presenting the contention that the state failed to show he had knowledge that his license had been revoked or that he was reckless in believing that he had a drivers license. The state did not file a brief or otherwise appear here.

The only witness for the state was the arresting officer. There was no proof from him or otherwise that the defendant knew or should have known that his drivers license had been revoked.

In order to convict for driving while revoked, the state must establish a culpable mental state, that the defendant knew that his driving privileges had been revoked. *State v. Brown,* 804 S.W.2d 396, 398 (Mo. App.1991); *State v. Horst,* 729 S.W.2d 30, 31 (Mo.App.1987); *State v. Tippett,* 716 S.W.2d 909 (Mo.App.1986). See also *State v. Quigley,* 829 S.W.2d 117, 119 (Mo.App. 1992).

There was no evidence that any notice of revocation had been sent to defendant. See *State v. Purdy,* 766 S.W.2d 476, 477 (Mo.App.1989). Nor was it shown that defendant acted recklessly regarding knowl-

edge of the revocation of his license. See *State v. Counts*, 783 S.W.2d 181 (Mo.App. 1990).

Defendant's license was revoked following a series of offenses, no one of which would require the revocation. He would not necessarily know when or if his license was revoked as was the case in *State v. Johnson*, 687 S.W.2d 706, 710 (Mo.App. 1985) (offense gave 12 points requiring revocation for a year).

The judgment is reversed and the cause remanded for entry of an order setting aside the conviction, entry of a judgment of acquittal and discharging defendant.

CROW and PARRISH, JJ., concur.