STATE of Missouri, Respondent,

v.

Steven L. WATSON, Appellant.

No. 62389.

Missouri Court of Appeals,
Eastern District,
Division One.

March 30, 1993.

Guy H. Richardson, Poplar Bluff, for appellant.

M. Dwight Robbins, Pros. Atty., Madison County, Fredericktown, for respondent.

CRIST, Judge.

Defendant appeals his conviction for driving while his license was revoked. We affirm.

The prosecuting attorney of Madison County charged Defendant with the class A misdemeanor of driving while his license was revoked. Defendant moved for a dismissal of the charges claiming the information was insufficient. The court overruled the motion and found Defendant guilty of the charges.

Defendant asserts the information charging him was insufficient because it failed to allege all the essential elements of the crime. The information charged:

M. Dwight Robbins, Prosecuting Attorney of Madison County, Missouri charges that the defendant(s), in violation of Section 302.321, RSMo, committed the class A misdemeanor of driving while license was revoked, punishable upon conviction under Sections 558.011.1(5), 560.016.1(1), and 302.321, RSMo, in that on or about the 26th day of March, 1992, in the County of Madison, State of Missouri, the defendant drove a motor vehicle on U.S. 67, after his operator's license was revoked under provision of Sections (302.-010 to 302.340) (302.500 to 302.540) (544.-046) (Chapter 577), RSMo., and before an official reinstatement or termination notice was issued.

Defendant asserts the information is insufficient because it fails to allege any culpable mental state of the Defendant.

■ Rule 23.01(b)(2) requires an information to "[s]tate plainly, concisely, and definitely the essential facts constituting the offense charged ...." Further, an information must contain all the essential elements of a crime. *State v. Hester*, 829

S.W.2d 106, 108 [2] (Mo.App.1992). While § 302.321 on its face does not require a mental state, application of § 562.021.2 does require a person act knowingly or recklessly. *State v. Horst*, 729 S.W.2d 30, 31 [2] (Mo.App.1987). Therefore, this court has held that a culpable mental state is an essential element of § 302.321. *Id.*

■ Defendant points to the recent cases *State v. Merritt*, 833 S.W.2d 4 (Mo.App. 1992), and *State v. Quigley*, 829 S.W.2d 117 (Mo.App.1992). In these two cases, the Southern District held informations charging a violation of § 302.321 were defective when they failed to allege intent, an essential element of the crime. *Merritt*, 833 S.W.2d at 6 [1]; *Quigley*, 829 S.W.2d at 119[2]. However, the informations in those cases were based on the Uniform Complaint and Summons. The information in Defendant's case precisely followed MACH–CR 32.48, which tracks § 302.321 and does not require an allegation of mental state. An information which follows the Missouri Approved Charges is considered sufficient to meet the requirements of Rule 23.01. Rule 23.01(e); *State v. Lowe–Bey*, 807 S.W.2d 132, 136[7] (Mo.App.1991); and *State v. Applewhite*, 771 S.W.2d 865, 869[5] (Mo.App.1989). We find this distinction significant. In *State v. Berrey*, 803 S.W.2d 37, 40[2] (Mo.App.1990), the Western District held that an information, which contained no allegation of intent, was not fatally defective when it conformed to charges approved by the Missouri Supreme Court. The court held that where the statute does not contain an element of intent, it is not necessary to include such intent in the information. *Id.* We are bound by the Supreme Court's approval of the information in Defendant's case. Point denied.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.