**STATE of Missouri, Respondent,**

v.

**Tami HUFF, Appellant.**

No. 64438.

Missouri Court of Appeals,
Eastern District,
Division One.

May 31, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 30, 1994.

Application to Transfer Denied
Aug. 15, 1994.

Harold G. Johnson, St. Ann, for appellant.

Timothy A. Braun, Pros. Atty., Steven G. Kobal, Asst. Pros. Atty., St. Charles County, St. Charles, for respondent.

CRIST, Judge.

Tami Huff, Defendant, appeals from her conviction for driving while revoked in violation of § 302.321, RSMo 1986. We affirm.

On January 29, 1993, Defendant appeared in the St. Charles County courthouse to plead guilty in connection with a driving while intoxicated (DWI) offense. At some point during the hearing, Deputy Gary L. Files, bailiff in the associate circuit court, learned Defendant's driving privileges may have been revoked for failure to submit to a chemical test.

Following the proceedings, Defendant left the courthouse and went to her automobile. Deputy Files observed Defendant get in her car and attempt to drive away. Deputy Files then stopped Defendant and arrested her. Defendant presented her driver's license. However, a check with the Department of Revenue revealed Defendant's license had been revoked and a police demand order placed on her license. Deputy Files cited Defendant for driving while revoked.

At the trial on the charge, Defendant primarily contested her awareness of the revocation. Defendant testified she had originally received a notice of revocation when she was first charged, but that revocation had been stayed. She stated she had not received another notice of revocation.

The State introduced into evidence Defendant's driving record, including a letter dated January 25, 1993 from the Department of Revenue to Defendant at 730 Apricot in St. Charles. In that letter, the Department informed Defendant the effective date of her revocation was from August 3, 1990 to August 3, 1991. (This revocation was apparently unrelated to the DWI charge to which Defendant had pleaded guilty on January 29, 1993.) After August 3, 1991, her license could only be reinstated if she paid a $45 reinstatement fee to the office. The letter further requested Defendant surrender her driver's license with a May 1, 1994 expiration date to the Department of Revenue. Defendant's mother, who lived with Defendant at 730 Apricot, testified she brings in the mail everyday and never saw any mail from the Department of Revenue.

The trial court found Defendant guilty of driving while revoked. The court stated Defendant knew "her license had been revoked even though she was given a stay for failure to take a breathalyzer. Apparently, she act-ed at least recklessly with respect to whether or not her license was revoked." The court sentenced Defendant to one year imprisonment.

In Point I of her appeal, Defendant disputes the sufficiency of the information charging her with driving while revoked. She contends it is defective because it fails to contain an essential element of the crime, the culpable mental state. Defendant was issued a State of Missouri Uniform Complaint and Summons charging her with "Driving While Revoked—Leaving Courthouse."

In support of her contention, Defendant relies upon *State v. Merritt*, 833 S.W.2d 4, 6[1] (Mo.App.1992); and *State v. Quigley*, 829 S.W.2d 117, 119[2] (Mo.App.1992), where the Southern District held similar uniform complaints to be insufficient. However, these two opinions relied substantially upon *State v. Gilmore*, 650 S.W.2d 627 (Mo. banc 1983), which stated if all the elements of an offense are not alleged in the information, they cannot be supplied by intendment or implication. *See, Merritt*, 833 S.W.2d at 6; *Quigley*, 829 S.W.2d at 119. The Supreme Court overruled *Gilmore* in *State v. Parkhurst*, 845 S.W.2d 31, 34–35 (Mo. banc 1992) stating:

> While this Court in *Gilmore* acknowledged the purposes of a criminal indictment or information, it failed to analyze that information under the standard enunciated in *DeLuca* or under the more liberal construction of indictments or informations afforded under § 545.030 or Rule 23.11. Specifically, the Court in *Gilmore* did not examine the information to determine if it was sufficient to inform the defendant of the offense charged so that he would not be prejudiced by being unable to prepare a defense or unable to raise the defense of double jeopardy. In addition, the Court did not examine the information to see if it was so defective that it did not by an reasonable construction charge the defendant with the offense with which he was convicted. That case also failed to consider the effect of Rule 24.04(b) requiring a timely challenge to the charge.

See, DeLuca v. State, 465 S.W.2d 609, 612–13 (Mo.1971). The Parkhurst decision effectively eliminates reliance upon Merritt and Quigley as valid authority. See, State v. Hill, 865 S.W.2d 702, 706 n. 7 (Mo.App.1993).

■ Therefore, where a challenge to an information or indictment is not timely raised pursuant to Rule 24.04(b), the indictment or information will be insufficient only if:

it is so defective that (1) it does not by any reasonable construction charge the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced. In either event, a defendant will not be entitled to relief based on a post-verdict claim that the information or indictment is insufficient unless the defendant demonstrates actual prejudice.

Parkhurst, 845 S.W.2d at 35[7–9].

■ The record before us fails to show Defendant raised the issue of insufficiency of the information at any point during the trial. She clearly has not shown any motion challenging the information was timely filed pursuant to Rule 24.04(b). Further, she is not entitled to relief because she has not demonstrated, or even claimed, actual prejudice. Indeed, her entire defense at trial focused on lack of a culpable mental state. See, State v. Coates, 862 S.W.2d 418, 424 (Mo.App.1993). Point denied.

In Point II, Defendant challenges the sufficiency of the evidence to convict her of driving while revoked. She contends there is no credible evidence to establish she knew her license was revoked or recklessly disregarded that fact.

In response, the State contends § 302.321 does not require a culpable mental state. In 1989, the Supreme Court declined to address this issue, but did note § 302.321, on its face, does not require a culpable mental state. State v. Davis, 779 S.W.2d 244, 246 (Mo. banc 1989). Defendant, however, points to several other cases in which the appellate courts, relying upon § 562.021.2, RSMo 1986 (repealed 1993), have indicated a culpable mental state of knowledge or recklessness is a requisite element of § 302.321. See, State v. Walker, 832 S.W.2d 953, 953[1] (Mo.App. 1992); State v. Counts, 783 S.W.2d 181, 182[2] (Mo.App.1990); State v. Horst, 729 S.W.2d 30, 31[2] (Mo.App.1987).

■ Section 562.021.2, RSMo 1986 was repealed in 1993 and replaced with § 562.021, RSMo Supp.1993, which removes paragraph two. While the repeal of § 562.021.2 leaves open the issue of whether a culpable mental state will be required in the future, we do not decide this issue because § 562.021.2, RSMo 1986 was in effect when Defendant committed the alleged crime. See, State v. Jones, 865 S.W.2d 658, 661 (Mo. banc 1993) (court applied § 562.021.2, RSMo 1986 to require a culpable mental state for unlawful possession of a concealed weapon where crime committed before its repeal). Therefore, the State was required to prove Defendant drove her car while either knowing or recklessly disregarding the fact her license was revoked. See, State v. Watson, 850 S.W.2d 372, 373[2] (Mo.App.1993); Horst, 729 S.W.2d at 31[2].

In her brief, Defendant primarily points to evidence she contends supports her lack of knowledge or recklessness, specifically her testimony she never received notice and her mother's testimony the letter did not arrive in the mail. However, in reviewing the sufficiency of the evidence, we consider all reasonable inferences favorable to the verdict and disregard any evidence or inferences to the contrary. State v. Kalagian, 833 S.W.2d 431, 435[12] (Mo.App.1992). Moreover, the trier of fact was entitled to disbelieve both her testimony and the testimony of her mother and reject it in whole or in part. State v. Neal, 610 S.W.2d 358, 360[5] (Mo. App.1980). Our role is merely to determine whether there is sufficient evidence so that a reasonable person could conclude Defendant is guilty. State v. Vitale, 801 S.W.2d 451, 456[13] (Mo.App.1990).

Sufficient evidence exists to show Defendant drove her car while knowing or recklessly disregarding a substantial and unjustifiable risk her license had been revoked. A letter dated January 25, 1993 from the Department of Revenue to Tami Huff was admitted into evidence, which provided Defendant notice of her revocation and how to reinstate her license. See, State v. Purdy,

766 S.W.2d 476, 477[1] (Mo.App.1989). Generally, mail is considered received three days after it is mailed. *See, e.g.,* Rule 20.01(e). In addition, her driving record indicated her license had been revoked again on September 28, 1992 for refusal to submit to a chemical test. This revocation is relevant to the issue of Defendant's knowledge. *See, State v. Brown,* 804 S.W.2d 396, 398 (Mo.App. 1991). Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.