**STATE of Missouri, Respondent,**

v.

**James F. LEWELLYN, Appellant.**

**No. 19412.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 20, 1994.

Dewayne F. Perry, Asst. Public Defender, Joplin, for appellant.

No appearance for respondent.

CROW, Judge.

After a bench trial, the court found Appellant guilty of driving a motor vehicle while his driver's license was revoked. § 302.321, RSMo Cum.Supp.1993. The court imposed a one-year jail sentence.

Appellant presents one claim of error, asserting the information was "fatally defective" in that it failed to allege he "had knowledge that his driving license privilege had been revoked ... at the time he allegedly drove the motor vehicle."

Because Appellant does not question the sufficiency of the evidence to support the conviction, we need not recount it.

Omitting its formal portions, the information alleged Appellant violated § 302.321 in that:

"... on or about October 24, 1993, in the County of Jasper, State of Missouri, the defendant knowingly drove a motor vehicle on a highway, to-wit: the 300 block of South Howard, Carthage, Missouri, after his operator's license was Revoked, under provision of Sections 302.010 to 302.340."

Appellant relies on two cases: *State v. Quigley,* 829 S.W.2d 117 (Mo.App.S.D.1992), and *State v. Merritt,* 833 S.W.2d 4 (Mo.App. S.D.1992). In each, the accused was convicted of driving while his driver's license was revoked. Each conviction was reversed because the information failed to allege the accused knew about the revocation when he drove, an element of the offense defined by § 302.321.

*Quigley* and *Merritt* were based on *State v. Gilmore,* 650 S.W.2d 627 (Mo. banc 1983), *cert. denied,* 476 U.S. 1178, 106 S.Ct. 2906, 90 L.Ed.2d 992 (1986), which held that the test of sufficiency of an information is whether it contains all essential elements of the offense as set out in the statute and clearly apprises the accused of facts constituting the offense, *id.* at 628[3], and that if an information is insufficient, the court acquires no jurisdiction and whatever transpires thereafter is a nullity, *id.* at 628[2].

In *State v. Parkhurst,* 845 S.W.2d 31, 34 (Mo. banc 1992), the Supreme Court of Missouri held *Gilmore* "did not apply the proper analysis to post-verdict claims of an insufficient information." The court held:

"To summarize, the rule that essential statutory elements may not be supplied by intendment or implication has no application where the issue is not timely raised pursuant to Rule 24.04(b). When the issue is raised for the first time after verdict, the ... information will be deemed insufficient only if it is so defective that (1) it does not by any reasonable construction charge the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced. In either event, a defendant will not be entitled to relief based on a post-verdict claim that the information ... is insufficient unless the defendant demonstrates actual prejudice."

845 S.W.2d at 35[7–9] (footnote omitted).

We have searched the record to determine whether Appellant challenged the information in the trial court. Nothing in the record indicates he did. Consequently, Appellant's claim of error is governed by *Parkhurst,* not *Quigley* and *Merritt.* *See: State v. Huff,* 879

S.W.2d 696, 697–98 (Mo.App.E.D.1994), and *State v. Hill,* 865 S.W.2d 702, 706 n. 7 (Mo. App.W.D.1993).

The information adequately charges the offense of which Appellant was convicted. It sets forth the statute he violated, avers he drove a motor vehicle on a specific date at a precisely identified location, and alleges he did so while his operator's license was revoked.

Additionally, the details in the information are sufficient to support a plea of former jeopardy had Appellant been acquitted.

Finally, the record compellingly demonstrates the information contained enough data to enable Appellant to prepare a defense. At trial, he and his "girlfriend" testified she, not he, was driving the vehicle on the occasion in question. The transcript proves Appellant was not prejudiced because the information failed to allege he knew his driver's license was revoked at the time he drove. Appellant's testimony:

"Q. Had you driven a car at all that day?

A. No.

Q. Why weren't you driving a car?

A. Because I'm suspended.

Q. So you know you can't drive a car; is that correct?

A. Yeah."

Any contention by Appellant that he was prejudiced because the information failed to state he knew his driver's license had been revoked at the time he drove would be preposterous.

Judgment affirmed.

PREWITT and PARRISH, JJ., concur.